LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd - Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com
ranni@overtimelaw.com

JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE SOLARES, ESTEFANIA CORREA RESTREPO and STEVEN REID | Case No.:  24-cv-881-EJY |
| Plaintiffs, | FIRST AMENDED COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| AMAZON COM SERVICES LLC | |
| Defendants. | |

COMES NOW THE PLAINTIFFS, by and through their counsel, LEON

GREENBERG, ESQ., and RUTHANN DEVEREAUX-GONZALEZ, ESQ., of

LEON GREENBERG PROFESSIONAL CORPORATION and JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW and states and alleges causes of action against the Defendant(s) as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction over the claims presented herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 USC Sections 201-219, known as the Fair Labor Standards Act ("the FLSA"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)).      The Court has supplemental jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

2.      This Court also has jurisdiction over the State Law claims made herein pursuant to 28 U.S.C. § 1332, the Class Action Fairness Act, in that the defendant is not a citizen of the State of Nevada and the amount in controversy exceeds $5,000,000.

3.      Venue is proper in the unofficial Southern Division of the Court as the acts complained of took place in Clark County, Nevada.

## FACTUAL ALLEGATIONS GIVING RISE TO THE CLAIMS

4.      The defendant Amazon.Com Services LLC ("Amazon") is a Delaware limited liability corporation with its principal place of business and headquarters in the State of Washington.

5.      Amazon conducts business in Clark County Nevada and has employees who work for it in Clark County Nevada.

6.      Currently, and during each of the four years prior to the filing of this action, Amazon has employed over 500 persons as hourly compensated "Customer Returns Processor" and/or "Problem Solver" or similar hourly compensated employees at its "LAS2 Amazon Returns Facility" ("LAS2") located in North Las Vegas, Clark County, Nevada.

7.      Plaintiff Estefania Correa Restrepo is a former employee of Amazon who has worked at LAS2 as a Customer Returns Processor and/or Problem Solver and/or other positions that Amazon agreed to compensate for her work at an hourly rate of between $15.00 and $19.00 an hour and is a resident of Clark County.  Plaintiff Steven Reid is a former employee of Amazon who has worked at LAS2 as a Machine Operator and/or other positions that Amazon agreed to compensate for his work at an hourly rate of approximately $17.00 an hour or a different hourly rate and is a resident of Clark County.

8.     The violations of the FLSA and Nevada law alleged herein sustained by plaintiffs Estefania Correa Restrepo and Steven Reid, involving the non-payment of overtime wage and/or minimum wages and/or other earned but unpaid wages, was constant throughout their employment with Amazon at LAS2 occurring in many and most if not all, workweeks of such employment.  Estefania Correa Restropo  additionally identifies the seven-day workweeks of January 8 through January 14, 2023, and January 22 through January 28, 2023, as involving weeks where she worked for Amazon at LAS2 and did not receive overtime pay, as required by the FLSA and Nevada law, for all of the work she performed in excess of 40 hours during each such week.  Steven Reid  additionally identifies the seven-day workweek of December 19 through December 25, 2021, as involving a week where he worked for Amazon at LAS2 and did not receive overtime pay, as required by the FLSA and Nevada law, for all of the work he performed in excess of 40 hours during such week.

9.     Plaintiff Jasmine Solares is a current employee of defendant Amazon who has worked at LAS2 as a Customer Returns Processor and/or Problem Solver that Amazon agreed to compensate for her work at an hourly rate of between $15.00 and $19.00 an hour and is a resident of Clark County.

10. The violations of the FLSA and Nevada law alleged herein sustained by plaintiff Jasmine Solares, involving the non-payment of overtime wages and/or minimum wages and/or other earned but unpaid wages, was constant throughout her employment with Amazon at LAS2 occurring in many, if not most, workweeks of such employment. She additionally identifies the seven-day workweek of May 28, 2023, through June 3, 2023, as involving a week where she worked for Amazon at LAS2 and did not receive overtime pay, as required by the FLSA and Nevada law, for all of the work she performed in excess of 40 hours during such week.

11. The circumstances alleged by Estefania Correa Restrepo, Steven Reid and Jasmine Solares ("Plaintiffs"), in respect to the non-payment of wages and/or overtime wages owed to them for time they worked for Amazon at LAS2, are common to a large group of similarly situated hourly compensated Customer Returns Processors and Problem Solvers and Machine Operators and similar hourly compensated employees of Amazon who also worked at LAS2, such similarly situated persons numbering over 500.

12. As a term and condition of their employment at LAS2, Plaintiffs, and those similarly situated to the Plaintiffs, were required, at the conclusion of

their workday for Amazon, to submit to a security screening (the "Shift End Security Screening") before being allowed the leave the LAS2 building.

13.    Amazon paid wages to the Plaintiffs and those similarly situated based only on the time Amazon recorded as working time for such persons in its timekeeping system; wages were not paid by Amazon for time that the Plaintiffs and those similarly situated worked for Amazon at LAS2 that was not recorded as working time in that timekeeping system

14.    Amazon required the Plaintiffs, and those similarly situated, at the conclusion of each day's work shift at LAS2, and prior to such persons' submittal to Amazon's Shift End Security Screening, to clock out on Amazon's employee time keeping system at one or more Amazon punch clocks located within the LAS2 building.

15.    It would take the Plaintiffs and those similarly situated, if they were allowed to do so, approximately one minute or less to directly walk out of the LAS2 building after using an Amazon punch clock within the LAS2 building at the end of their work shift.

16.    Plaintiffs and those similarly situated, because they were required to submit to Amazon's Shift End Security Screening, would experience a delay in being able to exit the LAS2 building after using the Amazon punch clock within the LAS2 building to clock out on Amazon's timekeeping system.  That delay

was caused by the long lines at the security screening stations and the need to submit their person and belongings to inspection and/or search by Amazon.  That delay for most such persons would typically be between approximately 10 to 15 minutes with longer periods of time being required when they were designated for more thorough secondary searches under Amazon's protocols.

17.    The Plaintiffs and those similarly situated were required by Amazon to work at LAS2 for shifts with specified start and end times, typically scheduled to be 10.5 hours in length each workday.

18.    The Plaintiffs and those similarly situated during each full daily work shift that they worked for Amazon at LAS2 were required to take a 30 minute long unpaid meal period (the "Meal Period") approximately midway through their daily 10.5 hour long scheduled work shift.  That Meal Period was not compensated by Amazon and was intended and designated by Amazon to provide a period for LAS2 workers to eat a meal.

19.    The Plaintiffs, and most of those similarly situated, primarily worked one of two shifts at LAS2, either a daytime shift from 6:30 a.m. or 7:00 a.m. to 5:00 p.m. or 5:30 p.m. or a nighttime shift from 6:30 p.m. or 7:00p.m. to 5:00 a.m. or 5:30 a.m. (the "Two Primary Shifts") consisting of 10 scheduled compensated working hours each day plus an uncompensated Meal Period of 30 minutes.   Amazon would require one-half of the workers on each of the Two

Primary Shifts to take their Meal Period during an assigned 30 minute long period and the other one-half during a different assigned 30 minute long period.

20.     The Plaintiffs and those similarly situated during their Meal Period were prohibited by Amazon from remaining at their assigned workstations.  They were required by Amazon to leave their assigned workstations and be absent from such workstations and the working areas of the LAS2 building for that Meal Period.

21.     Amazon required the Plaintiffs, and those similarly situated, to commence their Meal Period by clocking out for its commencement on Amazon's employee time keeping system at one or more Amazon punch clocks located within the LAS2 building.

22.      Amazon required the Plaintiffs and those similarly situated who worked at LAS2 to submit to a security screening (the "Meal Period Security Screening") during most of their workdays after they had commenced their Meal Period by clocking out on one of the Amazon punch clocks located within the LAS2 building.

23.     Amazon imposed the Meal Period Security Screening upon approximately 75% of the LAS2 workers such as the Plaintiffs and those similarly situated each day they worked one of the Two Primary Shifts because (a) Amazon required that those workers leave the workplace areas of the LAS2

building during their Meal Period; (b) Amazon provided limited non-workplace space ("Secondary Breakrooms") within the LAS2 building that such workers could access and that Amazon allowed them to stay in for their Meal Period and eat their meal without submitting to that Meal Period Security Screening; and (c) Amazon required such workers, which were approximately 75% of the Two Primary Shift workers, to submit to such a Meal Period Security Screening to either access a facility (the "Main Breakroom") inside the LAS2 building that could accommodate them and that Amazon allowed them to spend such Meal Period in or leave the LAS2 building entirely.

24.     It would take the Plaintiffs and those similarly situated, if they were not subjected to the Meal Period Security Screening, approximately one minute or less after they punched out on the Amazon timeclock system and began their Meal Period to directly walk out of the LAS2 building or access the Main Breakroom.

25.     It would take the Plaintiffs and those similarly situated if they used a Secondary Breakroom and by doing so avoided a Meal Period Security Screening approximately two to five minutes (their "Secondary Breakroom Travel") after they punched out on the Amazon timeclock system and began their Meal Period to directly walk to a Secondary Breakroom and utilize their Meal Period; that travel and time expenditure would be repeated at the end of such a Meal Period

when they would have to return to an Amazon punch clock's location to punch back in at the end of their Meal Period.

26.    Plaintiffs and those similarly situated, because they were required to submit to Amazon's Meal Period Security Screening, would experience a delay in being able to exit the LAS2 building or use the Main Breakroom after using an Amazon punch clock to commence their Meal Period in Amazon's timekeeping system.  That delay, necessitated by the long lines at the security screening stations, and the need to submit their person and belongings to inspection and/or search by Amazon, would typically be between approximately 5 to 10 minutes with longer periods of time being required when they were designated for more thorough secondary searches under Amazon's protocols.

27.    Plaintiffs Estefania Correa Restrepo and Jasmine Solares, and most of those similarly situated, were also required at the conclusion of their Meal Period, to report to a different workstation than the workstation they had worked at prior to such Meal Period.

28.    Amazon required the Plaintiffs and those similarly situated to clock back in on Amazon's timekeeping system at the end of their Meal Period on an Amazon punch clock in the LAS2 building.  Amazon rigorously monitored that they had done so and if that time clock punch was made as little as one minute later than 30 minutes after the beginning of their Meal Period Amazon could, and

on occasion did, subject them to a reprimand or other negative actions such as a loss of accrued unpaid time off that could also contribute to Amazon's decision to terminate their employment.

29.    Plaintiffs and those similarly situated desired to avoid the negative consequences Amazon imposed on them if they clocked back in on an Amazon punch clock from their Meal Period even one minute more than 30 minutes after it commenced.  As a result, they were forced by Amazon to set aside additional time which could and did range from approximately one minute to three minutes, to que up at an Amazon punch clock and clock back in at no more than the 30th minute after they had clocked out for their Meal Period (their "Meal Period End Que"). They were forced to expend that additional time by Amazon, which was a portion of their unpaid Meal Period time, because Amazon provided too few punch clocks for them to punch back in at that 30 minute interval reliably and without delay, as numerous workers would be seeking to use those limited number of punch clocks at the exact same time.

30.    The periods of time the Plaintiffs and those similarly situated spent in Shift End Security Screenings, Meal Period Security Screenings, Secondary Breakroom Travel, and Meal Period End Ques was "working time" for the purposes of the FLSA, at least as not limited by the Portal-to-Portal Act, and for the purposes of Nevada Law as alleged herein.  Such time was consumed by them

at the insistence and direction of their employer, Amazon.  They received no benefit from the activities they engaged in during those time periods and were unable to use those periods of time as they chose.  The activities Amazon forced them to engage in during those time periods solely benefited Amazon, by reducing potential thefts from LAS2 and allowing Amazon to avoid the expense of installing more punch clocks to alleviate the Meal Period End Que or Secondary Breakroom Travel times.

31.    As a result of being forced to spend working time in the Meal Period Security Screenings, Secondary Breakroom Travel, and Meal Period End Ques imposed by Amazon, the Plaintiffs and those similarly situated during the majority of the shifts they worked at LAS2 did not actually have available for their personal use, whether to eat a meal or for other purposes, the full 30 minutes of their uncompensated Meal Period.

32.    As a result of being forced to spend working time in the Meal Period Security Screenings, Secondary Breakroom Travel, and Meal Period End Ques imposed by Amazon, the Plaintiffs and/or those similarly situated during some, many, or possibly all of the shifts they worked at LAS2, only had available for their personal use, whether to eat a meal or for other purposes, less than 20 minutes of their Meal Period.

33.    As a result of being forced to spend working time in Shift End Security Screenings, Meal Period Security Screenings, Secondary Breakroom Travel, and Meal Period End Ques, the Plaintiffs and those similarly situated during most of their workweeks at LAS2 were working more than 40 hours a week and during such weeks the unpaid working time spent in such activities should have been paid at applicable overtime (time and one-half) rates pursuant to either Nevada law and/or the FLSA as alleged *infra.*

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

34.    This is a putative class and collective action brought on behalf of the Plaintiffs and all persons similarly situated to the Plaintiffs who worked for the defendant Amazon at its LAS2 location in Clark County, Nevada. More specifically, it is brought on behalf of all such persons employed on an hourly compensation basis within the last three years in respect to the FLSA claims made herein and within such other applicable statute of limitations that governs the claims made under Nevada Law. All such persons are owed unpaid wages and/or overtime wages by Amazon as a result of its policies of not compensating such persons for working time Amazon forced them to spend complying with Amazon's Shift End Security Screening, Secondary Breakroom Travel, Meal Period Security Screening, and/or Meal Period End Que policies and/or for not

compensating them for the full 30 minutes of some or all of their Meal Periods.

35.     The class and collective action may include one or more sub-classes if the Court finds that more manageable.

36.     Upon information and belief, there are no collective bargaining agreements applicable to the Plaintiff and/or members of the proposed plaintiff class which waive the provisions of Article 15, Section 16 of the Constitution of the State of Nevada or any other protections afforded to employees by Nevada law.

37.     The Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. §23 in respect to the defendant Amazon's violations of Nevada law on behalf of themselves and a class of the afore-alleged similarly situated persons employed by the defendant Amazon at LAS2.

38.     The Plaintiffs bring this action pursuant to Section 16(b) of the FLSA as a collective action (also commonly referred to as an "opt-in" class), in respect to the defendant Amazon's violations of the FLSA on behalf of themselves and all of the afore-alleged similarly situated persons employed by the defendant Amazon at LAS2 who file a written consent with this Court to join this lawsuit and whom performed compensable work within the meaning of the FLSA in excess of 40 hours a week but were not paid overtime wages or all of the overtime wages they were due for such work during such weeks.

39.    The Plaintiffs are informed and believe, and based thereon alleges that there are over 500 putative class and collective action members.  The actual number of such persons is readily ascertainable by a review of the defendant Amazon's records through appropriate discovery.

40.    There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

41.    Proof of a common or single set of facts will establish the right of each member of the class to recover.  These common questions of law and fact predominate over questions that affect only individual class members.  The Plaintiffs' claims are typical of those of the class.

42.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action.  This type of case is uniquely well-suited for class treatment since defendant Amazon's practices were uniform and the burden is on Amazon, as an employer, to establish that its method for compensating the class members complies with the requirements of Nevada law and the FLSA.

43.    The Plaintiffs will fairly and adequately represent the interests of the class and have no interests that conflict with or are antagonistic to the interests of

the class and have retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of the class.

44.    The Plaintiffs and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

45.    There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  In addition, the class members' individual claims are small in amount and they have no substantial ability to vindicate their rights, and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT**

46.    The Plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who have filed, or will file, their written consents with the Court to join this lawsuit.  The Plaintiffs have previously filed with the Court such written consents on their own

behalf.  It is proposed that all such similarly situated persons promptly after the commencement of this case be provided with notice of their ability to file such a written consent, the names and last known addresses of all such persons being in the possession of the defendant Amazon.

47.    Pursuant to the applicable provision of the FLSA, 29 U.S.C. § 207, the Plaintiffs and those similarly situated were entitled to overtime pay at time and one-half their regular hourly rate for all hours they worked in excess of 40 hours a week, except if such working time was made non-compensable for the purposes of the FLSA by the Portal-to-Portal Act, 29 U.S.C. §254(a), because it involved a "postliminary" or "preliminary" activity at the beginning or end of a workday that was not also a "principal" activity of such persons' employment by Amazon.

48.    The time spent by the Plaintiffs and those similarly situated performing the Meal Period Security Screenings, Secondary Breakroom Travel and Meal Period End Ques required by Amazon, but not the Shift End Security Screenings, was compensable working time for the purposes of the FLSA.  The time so consumed in those activities was not excluded from compensability for FLSA purposes by the Portal-to-Portal act because:

(a)    Such activities, and their associated time expenditures, were neither postliminary nor preliminary to such persons' principle activities for Amazon in its LAS2 facility involving the processing and handling of returned

merchandise since they did not take place either before or after the end of a workday, measured from when such persons first and last performed such principal activities for Amazon on such workday, as per 29 C.F.R. §790.6(a); 29 C.F.R. §790.7(b) and 29 U.S.C. § 254(a); and

(b)    Such activities, and their associated time expenditures, were required by Amazon and an integral part of such persons' performance of their principle activities for Amazon.   Plaintiffs Estefania Correa Restrepo and Jasmine Solares and most of those similarly situated were required by Amazon to travel from the workstation where they were performing their principle activities prior to their Meal Period and to a different workstation to continue such principle activities after the conclusion of their Meal Period. Travel time between locations where employees are performing their principle activities after the commencement of their workday, which travel time for plaintiffs Estefania Correa Restrepo and Jasmine Solares and most of those similarly situated in this case included the time they expended in Amazon's Meal Period Security Screenings, Secondary Breakroom Travel and Meal Period End Ques since Amazon required those activities of such persons in connection with such travel, is not excluded from compensability for FLSA purposes by the Portal-to-Portal Act, as per 29 C.F.R. §790.7(c), 29 U.S.C. § 254(a), and *IBP v. Alvarez*, 546 U.S. 21, 34-35 (2005).

49.     During certain or most or possibly all days the Plaintiffs and/or some of those similarly situated worked for Amazon at LAS2 their entire Meal Period and not just the time consumed by Amazon's required Meal Period Security Screenings, Secondary Breakroom Travel and Meal Period End Ques, was compensable working time for FLSA purposes.  That was because they were provided an amount of time of less than 30 minutes, and sometimes less than 20 minutes, during that Meal Period in which they were freed of all duties by Amazon and able to sit down and eat a meal and otherwise use that time as they desired.  As a result, on those workdays that entire Meal Period was compensable working time for FLSA purposes.  *See*, 29 C.F.R. §785.18 and 29 C.F.R. §785.19.

50.     Amazon's failure to compensate the Plaintiffs and those similarly situated for the compensable working time spent by such persons during the aforesaid Meal Periods, Meal Period Security Screenings, Secondary Breakroom Travel, and Meal Period End Ques, violated the requirements of 29 U.S.C. §207, in that such amounts of time were compensable working time for purposes of the FLSA that was in excess of 40 hours a week and for which the FLSA required Amazon to compensate such persons at a rate of time and one-half their regular hourly rate.

51.     Amazon's violations of the FLSA were willful.

52.     As a result of Amazon's violations of the FLSA an award of unpaid

overtime wages, as required by the FLSA, along with an equal amount of liquidated damages as provided for by the FLSA, and an award of attorney's fees and costs, is sought on behalf of the plaintiffs and all others similarly situated who join this case by filing a written consent to do so as provided for by 29 U.S.C. §216(b).

**AS AND FOR A SECOND CLAIM FOR RELIEF FOR UNPAID WAGES PURSUANT TO NEVADA'S STATUTES AND CONSTITUTION**

53.　　The Plaintiffs reallege each and every afore-made allegation and bring this Second Claim for Relief pursuant to Nevada's statutes and Constitution for all unpaid wages owed to the Plaintiffs and the members of the alleged FRCP Rule 23 class.

54.　　Pursuant to Nevada's Constitution, Article 15, Section 16, and N.R.S. §608.250 every employee in Nevada must be paid by their employer for each hour worked at least the minimum hourly wage required by the same.   When Amazon failed to pay any wages whatsoever for certain periods of time worked by the Plaintiffs and the class members it violated those requirements of Nevada law. *Porteous v. Capital One Services II, LLC*, 804 Fed. Appx. 354 (9th Cir. 2020).

55.　　Pursuant to N.R.S. §608.016 every employee in Nevada must be paid wages by their employer for each hour worked and an employer cannot require an hourly compensated employee to work periods of time without the payment of

any hourly wage for such periods of time.  When Amazon failed to pay any wages whatsoever for certain periods of time worked by the Plaintiffs and the class members it violated those requirements of Nevada law.   *Porteous v. Capital One Services II, LLC*, 804 Fed. Appx. 354 (9th Cir. 2020).

56.    Pursuant to N.R.S. §608.018 every hourly compensated employee in Nevada must be paid wages by their employer for each hour worked in excess of 40 hours in a week, and in some circumstances in excess of eight hours a day, at an overtime rate of time and one-half their regular hourly rate.

57.    The time spent by the Plaintiffs and those similarly situated performing the Meal Period Security Screenings, Secondary Breakroom Travel, Meal Period End Ques, and Shift End Security Screenings, was compensable working time for the purposes of Nevada's statutes and Constitution.  *In re Amazon.com Inc.,* 905 F.3d 387 (6th Cir. 2018).

58.    Pursuant to N.R.S. §608.019 every employee in Nevada who works a continuous period of at least eight hours must be provided with a meal period of at least 30 minutes which period need not be compensated and no period of less than 30 minutes can fulfill that requirement.

59.    During certain or most or possibly all days the Plaintiffs and/or some class members worked for Amazon at LAS2 their entire Meal Period and not

just the time consumed by Amazon's Meal Period Security Screenings, Secondary Breakroom Travel and Meal Period End Ques, was compensable working time for the purposes of Nevada's statutes and Constitution.  That was because they were provided an amount of time of less than 30 minutes, and sometimes less than 20 minutes, during that Meal Period in which they were freed of all duties by Amazon and able to sit down and eat a meal and otherwise use that time as they desired.  On those workdays that entire Meal Period was compensable working time either because Nevada, as demonstrated by N.R.S. §608.019, required such Meal Periods, to be non-compensable non-working time, provide at least 30 minutes during which an employee is freed of all duties and able to sit and eat a meal, or a lesser period of time for the same that Amazon failed to provide.  *In re Amazon.com Inc.*, 905 F.3d 387 (6th Cir. 2018).

60.    Amazon violated the aforesaid provisions of Nevada law by failing to pay the Plaintiffs and the class members either the regular wages and/or the overtime wages Nevada required they be paid for the afore-alleged periods of time such persons worked for Amazon but were paid no wages whatsoever by Amazon for that time worked.

61.    As a result of Amazon's aforesaid violations of Nevada's statutes and its Constitution an award of unpaid minimum wages, unpaid wages and unpaid overtime wages, along with interest thereon, as required by the same, along with an

award of attorney's fees and costs as provided for by Nevada's Constitution and

N.R.S. § 608.260, along with all suitable and appropriate injunctive, equitable, or

other relief necessary to cure Amazon's past violations of Nevada law and prevent

any such violations in the future, is sought on behalf of the Plaintiffs and the class

members.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**FOR SEVERANCE WAGES/PENALTIES**
**PURSUANT TO N.R.S. 608.135**

62.     The Plaintiffs Estefania Correa and Steven Reid, former employees

of the defendant Amazon, reallege each and every afore-made allegation and bring

this Third Claim for Relief pursuant N.R.S. § 608.135 for the relief such Plaintiffs,

and such class members who are also former employees of Amazon, may secure

against Amazon pursuant to NRS § 608.040 and N.R.S. § 608.050.

63.     Amazon's failure to pay former employees, such as Plaintiffs

Estefania Correa and Steven Reid, all wages owed to them by Amazon within the

time periods specified by NRS § 608.020 and N.R.S. § 608.030 after the termination

of employment with Amazon renders Amazon liable to such persons for continuing

wages (severance wages/penalties) and for other remedies as provided in NRS

§ 608.040 and N.R.S. § 608.050.

64.     Plaintiffs Estefania Correa and Steven Reid, and numerous other

class members who are also former employees of Amazon, were not paid all wages

owed to them by Amazon within the time periods specified by NRS § 608.020 and N.R.S. § 608.030 after the termination of their employment with Amazon.   Such violations occurred because when such persons terminated their employment with Amazon they were owed unpaid minimum wages, other wages and/or overtime wages by Amazon that Amazon did not pay them and has still not paid them.

65.    As a result of Amazon's aforesaid violations of NRS § 608.020 and N.R.S. § 608.030 Plaintiffs Estefania Correa and Steven Reid, on behalf of themselves  and the numerous class members who are also former employees of Amazon, seeks all relief available to such persons as provided for in NRS § 608.040 and N.R.S. § 608.050, including the maximum award to each such person provided by the same for continuing wages (severance wages/penalties) and such lien or other relief against Amazon that may be imposed by the same.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on behalf of themselves and those similarly situated and the members of the alleged class, seek, on each of their claims for relief, the relief as alleged aforesaid, including awards of unpaid wages, unpaid overtime wages, unpaid minimum wages, unpaid continuing wages/severance wages and penalties as per Nevada's statutes, liquidated damages as provided for by the FLSA, interest, attorney's fees and costs, and all other equitable, injunctive, and monetary relief (be it compensatory or punitive damages) to which they may be

entitled under the circumstances.

Plaintiffs also demand a trial by jury on all issues so triable.

Dated this 22nd Day of July 2024


_/s/ Leon Greenberg_
Leon Greenberg, Esq.   NSB 8094
Leon Greenberg Professional Corp.
1811 S. Rainbow Boulevard #210
Las Vegas, NV  89146
(702) 383-6085
Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I hereby certify that the above and foregoing was electronically filed using the Court's CM/ECF system on this 22nd day of July 2024, which will send electronic notification of this filing to all counsel of record.


*/s/ Ruthann Devereaux-Gonzalez*
Ruthann Devereaux-Gonzalez