LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 South Rainbow Blvd - Suite 210
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com
ranni@overtimelaw.com

JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE SOLARES, ESTEFANIA CORREA RESTREPO, and STEVEN REID | Case No.:  2:24-CV-00881-EJY |
| Plaintiffs, | **PLAINTIFFS' REPONSE TO DEFENDANT'S MOTION TO DISMISS AND/OR STAY CASE** |
| vs. | |
| AMAZON COM SERVICES LLC | |
| Defendant. | |

The plaintiffs through their attorneys, Leon Greenberg Professional Corporation

and Kemp & Kemp, present this response to the motion of the defendant to dismiss

1

and/or stay this case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **SUMMARY OF RESPONSE**

Defendant's motion rests upon misstatements of controlling law and the allegations in the First Amended Complaint (the "FAC").[1]  Issue preclusion also bars Amazon from relitigating whether the meal break security screening FLSA claims at issue in this case are non-actionable.  It fully litigated that issue which was decided adversely to it in *In re: Amazon.Com Inc. Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation,* 905 F.3d 387, 399-401, fn 3 (6th Cir. 2018), *petition for rehearing en banc denied, cert denied*, 140 S. Ct. 112 (2019) (*"Busk II"*).   Nor can plaintiffs' FLSA claims be dismissed on the pleadings as *de minimis* as *Lindow v. United States,* 738 F.2d 1057, 1063 (9th Cir. 1984), requires the development of a full factual record.  And because the plaintiffs' FLSA claims must proceed irrespective of the Nevada Supreme Court's answer to the certified question in *Malloy* this case should not be stayed to await the conclusion of those proceedings.

---

[1]  *See* Doc. 23.  The parties have agreed via Stipulation the FAC is the operative complaint for the purposes of defendant's motion.  Doc. 25.

**ARGUMENT**

### I.    Plaintiffs allege FLSA claims that as a matter of <u>settled law cannot be dismissed on the pleadings.</u>

Amazon has already extensively, and conclusively, litigated the scope of the

Portal-to-Portal Act in *Integrity Staffing Solutions, Inc., v. Busk,* 574 U.S. 27

(2014) (*"Busk I"*) and *Busk II.*   Those cases established the FLSA claims alleged

in this case, concerning neither end nor start of shift activities but meal break

periods, are *not* excluded for compensability purposes from the FLSA.  Rather than

accept that settled law, Amazon misrepresents the nature of the plaintiffs'

allegations, what was decided in *Busk I* and *Busk II,* and controlling law.

### A.    The Complaint alleges the meal break <u>security screenings at issue were *not* voluntary.</u>

The Complaint alleges that (1) Amazon *required* the plaintiffs and other

LAS2 facility workers to leave their assigned workstations to take their 30 minute

uncompensated meal period; (2) Amazon *required* them to clock out to begin that

30 minute uncompensated meal period and after doing so submit to an

uncompensated meal period security screening "during most of their workdays";

and (3) Amazon *imposed* that uncompensated meal period security screening

"upon approximately 75% of the LAS2 workers such as the Plaintiffs and those

similarly situated each day they worked" because it provided inadequate facilities

1
2
3

to take those meal breaks ("Secondary Breakrooms") that *did not* require the

plaintiffs to undergo such a security screening.   FAC, Doc. 23, ¶¶ 20-23.

4
5
6
7
8
9
10
11
12
13
14
15
16

Amazon ignores the actual allegations in the FAC — that it forced 75% of

the LAS2 workers each day to undergo meal break security screenings.  Instead it

insists, using ellipses and two quotes from the FAC totaling seven words, that the

"[p]laintiffs' allegations establish that going through security screenings during

meal periods is not a required activity."  Motion, Doc. 15, p. 6, l. 25-26, discussing

¶ 23 of the FAC.   Based upon that misstatement of the FAC it asserts, citing

various precedents, that those "voluntary" meal break security screenings were not

compensable under the FLSA.   The non-compensability of a "voluntary" meal

break security screening is irrelevant as the meal break security screenings in this

case are alleged to be mandatory, not voluntary.

17
18

**B.      The Ninth Circuit has *not* held that mandatory meal
break security screenings are "not compensable."**

19
20
21
22
23
24
25
26
27
28

Amazon insists, incorrectly, that in *Buero v. Amazon.com Services, Inc.*, 61

F.4th 1031, 1033 (9th Cir. 2023), "….the Ninth Circuit held that the very practice

challenged here—security screening during meal periods—was not compensable

under either federal law or Oregon law…"  Motion, Doc. 15, p. 8, l. 6-8.  *Buero*

did *not* address the compensability of mandatory (as alleged in this case) meal

period security screenings.  It addressed whether Oregon adopted the Portal-to-

Portal Act and the FLSA in respect to what constitutes compensable time for the purposes of Oregon's wage and hour laws.  Oregon's adoption of the Portal-to-Portal Act, and the FLSA generally in respect to what constitutes compensable working time under its wage and hour laws, is irrelevant to this case.

Amazon untruthfully asserts *Buero* made a broad "meal break security screenings are non-compensable" holding through a citation, without discussion, to its final paragraph addressing *voluntary* meal break screenings: "Defendants require employees to undergo security screening ***if they choose*** to leave the premises[2] during meal periods and also choose to take belongings with them." 61 F.4th at 1033 (emphasis added).[3]   That decision followed settled law on what constitutes compensable "work" under the FLSA, which excludes voluntary activities undertaken at the employee's option for their own benefit (in *Buero* the employee's decision to leave the premises during a meal break).  *Id.*  Plaintiffs in this case did not "choose" to leave Amazon's premises during meal breaks and

---

[2]   Employers need not allow employees to leave the work premises for a meal break for that period to be excluded from the employee's compensable working time for FLSA purposes.  *See, Alonzo v. Akai Security Inc.*, 807 Fed Appx 718, 719 (9th Cir. 2020) citing 29 C.F.R. § 785.19(b).

[3]   In answering the certified question the Oregon Supreme Court never addressed the voluntary "exit the building" induced meal break security screenings, perhaps believing only end of shift security screenings were at issue in *Buero. See, Buero,* 521 P.3d 471, 473-74 (Or. Sup. 2022).  Those claims were resolved by the Ninth Circuit in accord with the Oregon Supreme Court's holding that Oregon adopts the Portal-to-Portal act and precedents under the FLSA.

voluntarily consume time in non-compensable security screenings.  They allege

Amazon requires them to undergo such meal break security screenings.

> **C.** **The Portal-to-Portal Act is irrelevant to the plaintiffs'
> meal break security screening claims; Amazon is properly
> precluded by *Busk II* from disputing that such claims
> <u>involve "work" time for the purposes of the FLSA.</u>**

> **1.** **The plaintiffs make no FLSA claims for
> preliminary or postliminary working time and
> <u>the Portal-to-Portal Act and *Busk I* are irrelevant.</u>**

Plaintiffs' FLSA claims arise from Amazon's failure to pay overtime wages

(since no wages whatsoever were paid) for time consumed in "Meal Period

Security Screenings, Secondary Breakroom Travel, and Meal Period End Ques."[4]

Those are not postliminary or preliminary activities subject to the Portal-to-Portal

Act and the plaintiffs expressly disclaim any right to compensation under the

FLSA for time consumed in "Shift End Security Screenings."[5]  As *Busk I,* 574

U.S. at 33-34, makes clear, the Portal-to-Portal Act only concerns activities "prior

to the time" an employee first commences their "principal activity" for the

employer or "subsequent to" the last such time for the workday.  *Id.*, 574 U.S. 38-

39 (Sotomayer, concurring, and emphasizing only postliminary and preliminary

activities in a workday are addressed by the Portal-to-Portal Act).

The end of shift security screenings at issue in *Busk I* were undertaken *after*

---

4   These time periods are explained in the FAC, Doc. 23, ¶¶ 22, 25, 29.
5   *Id.* ¶ 48.

the employees *entirely ceased* their "principal activities" for the workday.  The

FLSA claims in this case involve activities taking place *after* the plaintiffs

commenced their principal activities for the workday and *before* they ceased such

activities for the workday.  As a result, those alleged activities are not excluded for

FLSA compensation purposes by the Portal-to-Portal Act.  *See, IBP, Inc. v.*

*Alvarez*, 546 U.S. 21, 37 (2005) (Portal-to-Portal Act does not exclude from the

FLSA "….during a continuous workday, any walking time that occurs after the

beginning of the employee's first principal activity and before the end of the

employee's last principal activity is excluded from the scope of that provision [the

Portal-to-Portal Act], and as a result is covered by the FLSA.") and *Sandifer v.*

*U.S. Steel Corp.,* 571 U.S. 220, 226 (2014) (Recognizing "…the Portal-to-Portal

act did not alter what is known as the 'continuous workday rule'…" and treating as

compensable time for FLSA purposes  "…'the period for between commencement

and completion on the same workday of an employee's principal activity…' ").

> **2.      *Busk II* found Amazon's mandatory meal break
> security screenings involve "work" for FLSA
> purposes requiring compensation and Amazon
> <u>should be precluded from re-litigating that finding.</u>**

*Thomas v. Amazon.Com Services Inc.*, 462 F.Supp.3d 828, 837-38 (N.D.

Ohio 2020) examined whether the time Amazon required workers expend to

undergo "…mandatory security screenings prior to taking their breaks" was

compensable under the FLSA.  It found such time expenditures were compensable

for FLSA purposes and not subject to the Portal-to-Portal act.  *Id.*   In doing so it relied upon *Busk II's* findings that (1) time spent "undergoing mandatory security screenings clearly seems to fit the federal definition of work" for the purposes of the FLSA; and (2) the Portal-to-Portal act, applying only to postliminary and preliminary activities, could not render such mandatory meal break security screening "work" time non-recoverable under the FLSA.  *Busk II,* 905 F.3d at 399-401 and fn3.

In both *Busk II* and *Thomas* Amazon litigated the issue of whether time spent performing mandatory meal break (not just end of shift) security screenings was compensable for FLSA purposes.   In both of those cases the issue was resolved against Amazon, with holdings that such time *was compensable* under the FLSA.   Both were substantial putative class action lawsuits.[6]  Amazon had every reason to vigorously litigate the issue of whether its mandatory meal break security screenings were compensable and did so (seeking *en banc* review and *certiorari* in *Busk II*).  Plaintiffs in this case could not have brought their claims in *Busk* or *Thomas.*  Nor would Amazon suffer any other unfairness if it is precluded from re-

---

6  Amazon ultimately agreed to settle the *Busk II* claims for an amount of up to $13,500,000 depending on the claims submitted. *See, In Re: Amazon.com Inc. Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation, W. Dist. Kent. MDL Doc. No. 2504, Case No. 14-cv-139, Doc. 127-2, Ex. 2.*  Amazon may argue *Thomas* is irrelevant since it was later dismissed for lack of federal subject matter jurisdiction.  Its reasoning was nonetheless compelling and it was relying on the binding nature of *Busk II.*

litigating, again, whether its mandatory meal break security screenings involve "work time" for FLSA purposes.   It should accordingly be precluded from re-litigating that issue and bound by the determinations made in *Busk II* and *Thomas*. *See, Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330-332 (1979) (Offensive collateral estoppel is proper unless plaintiff could have joined in prior litigation or stakes in prior litigation were insufficient to give defendant a reason to contest the prior claim or other inequitable circumstances exist).

> **D.    Even if Amazon is not subject to issue preclusion the Court cannot dismiss the plaintiffs' FLSA claims; in the Ninth Circuit time spent performing tasks required by an employer during an otherwise non-compensable meal <u>break period must be compensated under the FLSA.</u>**

Amazon, after misstating the Ninth Circuit's holding in *Buero*, argues that "undergoing security screenings" during a "bona fide meal period" is "non-compensable" under the FLSA, citing three Seventh and Fourth Circuit precedents involving donning and doffing of protective gear.  Motion, Doc. 15, p. 8, l. 9-18, citing *Sepulveda v. Allen Fam. Foods, Inc.*, 591 F.3d 209, 216 n.4 (4th Cir. 2009); *Mitchell v. JCG Indus., Inc.*, 745 F.3d 837, 842 (7th Cir. 2014) and *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 369 (4th Cir. 2011).  As discussed, *infra*, those decisions, to the extent they hold non-*de minimis* working time *during* a meal break period is non-compensable for FLSA purposes, cannot be reconciled with Supreme Court precedent, and have been heavily criticized by both the Fourth and

Seventh Circuits.   The Ninth Circuit, as affirmed by the Supreme Court, has held the opposite: that "work" performed during otherwise non-compensable meal break periods must, unless *de minimis*, be compensated under the FLSA.  *See, Alvarez v. IBP, Inc.*, 339 F.3d 894, 900, 902 (9th Cir. 2003) *affirmed IBP Inc. v. Alverez,* 546 U.S. 21 (2005) (All time expended on activities required by the employer, for the employer's benefit, including during a 30 minute unpaid meal break period, was "work" compensable under the FLSA if not excluded by the Portal-to-Portal Act).

        **1.**      **In the Ninth Circuit "work" under the FLSA includes all time spent on activities required by an employer during an otherwise non-compensable meal period.**

In *Alvarez* meat packing employees sought unpaid FLSA overtime wages for time spent donning and doffing required protective gear.  339 F.3d at 900.  They sought such wages for uncompensated time spent doing so at the beginning and end of their shifts and their 30 minute unpaid meal-break.  *Id.*   The district court found those required activities were not *de minimis* and when performed during such 30 minute meal break periods were compensable for FLSA purposes.  339 F.3d at 901.  The Ninth Circuit affirmed, in full, all of the district court's FLSA findings.

The Ninth Circuit, in finding the time spent by the employees in *Alvarez* complying with the employer's requirement they use protective equipment was

"work," relied on settled, controlling, Supreme Court precedent:

> It is axiomatic, under the FLSA, that employers must pay employees for all "hours worked." *See* 29 U.S.C. §§ 206, 207 (1999); *Turner v. City of Philadelphia,* 262 F.3d 222, 224 (3d Cir.2001). The threshold question in this case is whether the activities cited by the plaintiffs—donning and doffing, waiting and walking—constitute "work" under the FLSA. We agree with the district court that, under the facts presented by this case, they do.

> "Work," the Supreme Court has long noted, is "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer." *See Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 598 (1944). Definitionally incorporative, *Muscoda*'s "work" term includes even non-exertional acts. *See Armour & Co. v. Wantock,* 323 U.S. 126, 133, 65 S.Ct. 165, 89 L.Ed. 118 (1944) (noting that even "exertion" is not the *sine qua non* of "work" because "an employer ... may hire a man to do nothing, or to do nothing but wait for something to happen"). Plaintiffs' donning and doffing, as well as the attendant retrieval and waiting, constitute "work" under *Muscoda* and *Armour's* catholic definition: "pursued necessarily and primarily for the benefit of the employer," *Muscoda,* 321 U.S. at 598, these tasks are activity, burdensome or not, performed pursuant to IBP's mandate for IBP's benefit as an employer. 323 U.S. at 133. The activities, therefore, constitute "work."

In this case the meal break security screenings alleged are *required* by Amazon for its exclusive benefit.  And the plaintiffs allege Amazon gave them *no choice* but to undergo such security screenings because (1) It did not allow the plaintiffs to remain at their workstations during meal breaks; and (2) The spaces it provided for meal breaks that did not require security screenings could only accommodate 25% of the plaintiffs.  FAC, Doc. 23, ¶¶ 20-23.   The plaintiffs have alleged sufficient facts to state a claim that they are owed unpaid overtime wages under the FLSA for the "work" they performed undergoing such meal break

security screenings.

> ### 2. Time spent performing "work" during an otherwise uncompensated meal break period is not properly excluded, on that basis, from compensation under the FLSA; the authorities relied upon by Amazon are <u>not accepted by the Ninth Circuit and are erroneous.</u>

Amazon argues that employer required activities benefitting only the employer and performed during *any* sufficiently long meal break period, even if not *de minimis,* are not "work" for FLSA purposes.  That argument originates from an unexplained statement in a three-sentence footnote in the Fourth Circuit's 2009 opinion in *Sepulveda*, 591 F.3d at 216 fn 4, decided six years after *Alvarez*. *Sepulveda* was almost entirely consumed with 29 U.S.C. § 203(o)'s conferral upon unions of a right to collectively bargain over requirements otherwise imposed by the FLSA involving the changing and washing of clothes.  But in footnote 4 it states:

> Lastly, the employees seek compensation for the time they spend during their lunch breaks donning and doffing a few items, washing, and walking to and from the cafeteria. This time is non-compensable, however, because it is part of a bona fide meal period, *see* 29 C.F.R. § 785.19 ("Bona fide meal periods are not worktime."), and, in the alternative, *de minimis. See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692 (1946) ("When the matter in issue concerns only a few seconds  or minutes of work beyond the scheduled working hours, such trifles may be disregarded.")

*Sepulveda* provides not a clue as to *why* such time should be deemed "non-compensable" because of its status as part of a "bona fide meal period" while in the same sentence asserting its *de minimis* status renders it non-compensable.  Nor is

the claim it was addressing, or that ruling, discussed anywhere else in the opinion.

The nonsensical holding of *Sepulveda's* footnote 4 was recognized by the Fourth Circuit itself two years later in *Perez*.  That case, like *Sepulveda* and *Alvarez*, concerned time expended by meat packing workers donning and doffing protective gear.  The district court in *Perez* found such activities, required by the employer during an otherwise uncompensated meal break period, had to be compensated as working time under the FLSA, as in *Alvarez*.  610 F. Supp 2d. 499, 520-21 (Dist. Md. 2009).   The Fourth Circuit, citing *Alvarez*, *agreed* but nonetheless reversed on the basis it was bound by *Sepulveda's* only two-year old, and inscrutable, precedent:

> These factual findings [of the district court that the meal break donning and doffing predominately benefited the employer and were thus compensable] are well-supported by the present record and, therefore, should be applied in the resolution of this appeal. *See Universal Furniture,* 618 F.3d at 427. If we were writing on a clean slate, we would hold that based on the district court's factual findings, these activities are not part of the "bona fide meal period" but are compensable as "work" under the continuous workday rule. *See Alvarez,* 546 U.S. at 29; *Roy,* 141 F.3d at 545.

> We are bound, however, by circuit precedent. In *Sepulveda,* this Court held, as a matter of law, that acts of donning and doffing occurring before and after employees eat their meals are non-compensable because these acts are part of the "bona fide meal period." 591 F.3d at 216. Alternatively, this Court concluded that the time spent by employees conducting such activities was non-compensable on the ground that the time was de minimis…. 650 F.3d at 369.

*Perez* further observed *Sepulveda* "appears to have departed" from its own

precedent, *Roy v. County of Lexington,* 141 F.3d 533, 545 (4ᵗʰ Cir. 1988), and that

*Roy*, consistent with *Skidmore v. Swift*, 323 U.S. 134, 136-37 (1944), directed the

analysis, and result, reached by the district court in *Perez.* 650 F.3d at 370. It

nonetheless reversed the district court, finding it was "required" to do so by

*Sepulveda* since the "character" of the "activities" at issue in *Perez* "cannot be

distinguished substantively" from those in *Sepulveda,* citing *United States v.

Prince-Oyibo*, 320 F.3d 494, (4ᵗʰ Cir. 2003) (Prior Fourth Circuit panel decisions

can only be overruled by the court *en banc*). *Id.*

Amazon also relies upon *Mitchell,* where the Seventh Circuit in 2014 relied

upon footnote 4 of *Sepulveda*, and 29 C.F.R. §785.19, as an alternative basis for its

holding. 745 F.3d at 841. *Mitchell,* like *Sepulveda,* was almost entirely consumed

with the application of 29 U.S.C. § 203(o), but it also held, citing *Sepulveda's*

footnote 4, that:

> …the exclusion of mealtime from worktime is not exclusion of just the time
> spent eating—it is the entire "meal period," which we know is 30 minutes. It
> is excluded as long as it is bona fide, and, as we said, the plaintiffs don't
> deny that the lunch break at issue in this case is bona fide. If so, all 30
> minutes, including changing time, are excluded from worktime and therefore
> need not be compensated. 745 F.3d at 841.

In this case the plaintiffs, unlike in *Mitchell*, do not concede they always

received a bona fide 30 minute meal break period. They explicitly allege that

during certain days they did *not* receive such a bona fide meal period, as required

by the FLSA, and their entire meal break period constituted compensable working

time.  FAC, Doc. 23, ¶ 49.   As a result *Mitchell* does not support a dismissal of the FAC.  And while *Mitchell* may remain precedent in the Seventh Circuit, it was erroneous and inconsistent with controlling FLSA precedents, as confirmed by its dissent and the rare, and pointed, dissent from the subsequent 6-4 denial of the petition for rehearing *en banc*.  735 F.3d 695 (7th Cir. 2014).

     *Mitchell*, like *Sepulveda*, offers no explanation of why its remarkable conclusion, excluding from compensation all work performed during an otherwise non-compensable break time period, is justified.  Or how it complies with precedent, discussed by the Ninth Circuit in *Alvarez, supra*, as to what constitutes "work" for the purposes of the FLSA.   And while 29 C.F.R. §785.19 requires break time periods usually be at least 30 minutes long to be non-compensable, it says nothing about rendering work performed during such periods (be they 30 minutes or longer) non-compensable.   The FLSA does not allow an employer to "declare" when a meal break period begins and ends and then exclude from compensation all activities it requires during that 30 minute or longer period.  *See, Abadeer v. Tyson Foods*, *Inc.*, 14 F. Supp 1062, 1073-1078 (M.D. Tenn. 2014) (Extensively analyzing and rejecting the flawed results and reasoning in *Sepulveda, Perez* and *Mitchell*, citing *Alaverez*, and finding "bookend" claims involving work at the beginning and end of otherwise properly uncompensated meal break periods were cognizable under the FLSA).

**3.      The Ninth Circuit's discussion in *Busk I* about meal break related "walking" time expenditures did not reach the issue presented in this case; Amazon also urges conclusions from that discussion that <u>are contrary to Supreme Court precedent.</u>**

Amazon supports its motion by citing to the Ninth Circuit's discussion in *Busk I* about the meal break walking time and security screening claims at issue in that case.  Motion, Doc 15, p. 11, l. 23 – p. 12, l. 3,  p. 12, l. 28 – p. 13, l. 8.  In doing so it is asking the Court to reach conclusions that *Busk I* did not make and does not support and that would also be contrary to Supreme Court precedent.

**i.      The Ninth Circuit in *Busk I* only discussed the meal break related "walking time" claims; it assumed, without deciding the issue, meal break <u>related security screening time was "work."</u>**

The Ninth Circuit in *Busk I* found the plaintiffs' claims in that case involving time spent "walking to the lunchroom" during their meal break period did not involve compensable working time under the FLSA.  713 F.3d at 532.   It did not reach the issue of whether time spent to "pass through a security clearance" during that meal break period was compensable working time under the FLSA.  *Id.*   It assumed that time was "work" for FLSA purposes and found such claims non-compensable on the basis they were *de minimis.  Id.*

      **ii.**      **The Ninth Circuit in *Busk I* did not address the situation alleged in this case, that includes allegations the employees had inadequate time <u>during their uncompensated meal break to eat.</u>**

There is no indication in the Ninth Circuit's decision in *Busk I* that any allegations established a *requirement by Amazon* that the walking time at issue be undertaken by the employee.   That *Busk I* employees would engage in a substantial time expenditure by walking to the lunchroom, after clocking out for their meal period, does not, without more, establish that such time was "work." If after clocking out the employee was free to eat their lunch, or spend their break time, at the situs of that time clock (or immediately leave Amazon's worksite) such walking time to the lunchroom was not required by Amazon and was not work since it was undertaken voluntarily by the employee.   *Busk I's* failure to address that issue supports the conclusion such circumstances were not alleged and the lunchroom walking undertaken in *Busk I* was voluntary.

In this case the plaintiffs expressly allege *they could not* remain in Amazon's workplace after clocking out for their meal break.   FAC Doc. 23, ¶ 23.   As a result, they were *forced* by Amazon to expend time to walk to and from Secondary Breakrooms or during 75% of their shifts expend even more time going through Meal Break Security Screenings.  *Id.* ¶¶ 24-26.

The Ninth Circuit in *Busk I* at footnote 6, 713 F.3d at 532, also made clear

its ruling regarding lunchroom walking time was based upon the plaintiffs

receiving sufficient breaktime to have a meal:

> Busk and Castro did not claim the walks deprived them of adequate time to eat lunch. We express no view on whether such a claim is cognizable under FLSA, nor on whether the plaintiffs could amend their complaint to state a valid claim under FLSA. We leave that to the district court's consideration on remand.  *Id.*

In this case, unlike in *Busk*, the plaintiffs allege they were actually provided

with an inadequate amount of time, of less than 30 minutes and sometimes less

than 20 minutes, in which to sit and eat a meal.  FAC, Doc. 23, ¶ 49.   That is

presumptively inadequate.  *See*, 29 C.F.R. 785.19 (30 minutes is ordinarily

required for a bona fide meal period).   To the extent the Court may find that

allegation in the FAC unclear, leave should be granted to amend the same.

> ### iii.  The Ninth Circuit in *Busk I* could not have properly applied the Portal-to-Portal Act exclusions to time expenditures related to meal breaks; such a holding would be contrary to <u>Supreme Court and Ninth Circuit precedent.</u>

Amazon notes the Ninth Circuit's musing in *Busk I* on the "incongruity" of

applying the "walking time" compensation preclusions of the Portal-to-Portal Act

for "walking into work" and not precluding compensation for "walking to the

lunchroom."  Motion, Doc. 15, p. 13, l. 2-8, citing 713 F.3d at 532.   The Ninth

Circuit was not holding the same preclusion of compensation principles applied to

meal break related time expenditures, including walking time, as postliminary or

preliminary time under the Portal-to-Portal Act, as that is impossible.  In fact, all

walking time, *if it is required work time*, is compensable if not within the scope of

the Portal-to-Portal Act.   *See*, *IBP, Inc,* 546 U.S. at 37 (2005) (Portal-to-Portal Act

does not exclude from the FLSA "….during a continuous workday, any walking

time that occurs after the beginning of the employee's first principal activity and

before the end of the employee's last principal activity is excluded from the scope

of that provision [the Portal-to-Portal Act], and as a result is covered by the

FLSA.") and *Sandifer,* 571 U.S. at 226.

   The issue addressed by the Ninth Circuit in *Busk I* was whether the meal

break related walking time claims involved "work."  Those claims in *Busk I* were

dismissed, with potential leave for them to be re-pleaded, as the allegations made

in that case did not sufficiently establish those claims involved "work."  For the

reasons discussed, those claims in this case cannot be resolved on the pleadings in

favor of Amazon as the plaintiffs have sufficiently alleged the "work" status of

those time expenditures.

   **4.    The requirement most plaintiffs travel to new workstations after their meal break security screenings confirms the compensable nature of the alleged activities; the Portal-to-Portal Act would would not apply to those activities in any event <u>since they are not postliminary or preliminary.</u>**

   The plaintiffs assert that because most of them were required to travel to

new workstations after their meal breaks their time expended in Amazon's

mandatory Meal Period Security Screenings, Secondary Breakroom Travel, and Meal Period End Ques, were not subject to the Portal-to-Portal Act. FAC, Doc. 23, ¶ 48(b).   While that is true, such activities, as discussed *supra*, because they were neither postliminary nor postliminary, were outside the purview of the Portal-to-Portal act even if not involving travel required by Amazon.   But such allegations confirm the compensable nature of such activities, as the plaintiffs were forced to undertake those activities to comply with Amazon's demand that they move to a new workstation during the course of the workday.   Amazon, once again, incorrectly insists such allegations concern "going through optional screening during a meal period" when it is alleged that screening was *not* "optional." Motion, Doc. 15, p. 9, l. 6-7, l. 24-26.   It also repeats it insistence, relying upon *Sepulveda, Perez,* and *Mitchell,* that all working time during meal periods is non-compensable in any event and irrelevantly cites to certain FLSA cases dealing with "split shift" work.   *Id.*, p. 8, l. 19 – p. 9, l. 26.

### D.   Plaintiffs' FLSA claims cannot be dismissed as *de minimis* based on the pleadings and there is no "10-minute threshold" for FLSA claims.

Amazon misrepresents *Lindow v. United States,* 738 F.2d 1057, 1063 (9th Cir. 1984), as creating a "10-minute threshold" entitling it to dismissal of the plaintiffs' FLSA claims because they do not necessarily allege 10 minutes of uncompensated time were worked every shift.   Motion, Doc. 15, p. 11, l. 1-8.

*Lindow* imposes no such "10-minute threshold" and held whether working time is *de minimis* for FLSA purposes requires an examination of factors beyond the amount of daily uncompensated time worked, including whether such time is easily recorded and compensated, how often such uncompensated time occurs, and its aggregate compensable amount. *Id.* The Ninth Circuit has recently confirmed, in its reversal of this Court, that the burden is upon the employer to show the *de minimis* exception applies. *See, Cadena v. Customer Connexx LLC,* 107 F.4th 902, 911 (9th Cir. 2024) citing *Rutti v. Lojack Corp., Inc.*, 596 F.3d 1046, 1057 fn 10 (9th Cir. 2010).

    *Cadena* reversed this Court's grant of summary judgment on the *de minimis* issue, such decision by this Court being made upon a considerable record. 107 F.4th at 912-915. At the present time, there is *no record* before this Court upon which to consider a motion for summary judgment and this case cannot be dismissed, on the pleadings, as *de minimis*. It is impossible, as a matter of law, for Amazon, at this time, to meet the burden imposed upon it to establish its *de minimis* defense. And to extent this Court was to consider just one of the relevant *Lindow* factors, the ease at which Amazon could record the uncompensated time, that factor weighs very heavily against Amazon — it would merely have to place its time clocks *after* and not before its security screening stations.

**II.    Nevada does not incorporate the Portal-to-Portal Act and this case should not be stayed as the *Malloy* proceedings will not resolve the plaintiffs' claims.**

*Busk II* established that Nevada does not adopt the Portal-to-Portal Act.  905 F.3d at 397-404.  District Judge Traum of this Court has also found that to be so.  *See,* Transcript, 3/8/23, *Malloy v. Amazon,* 22-cv-286, Doc. 30, p. 53-57, noting, among other things, that the Nevada Supreme Court has cited *Busk II* with approval in *Doe Dancer I v. La Fuente, Inc.*, 481 P.3d 860, 867 (Nev. Sup. Ct. 2021).   Accordingly, the Court should deny Amazon's motion to dismiss the plaintiffs' Nevada State Law claims on the basis Nevada had adopted the Portal-to-Portal Act.  And even if the Court finds the Portal-to-Portal Act was adopted by Nevada it could not dismiss all of those Nevada claims for the reasons discussed *supra*.

     If Amazon prevails in the Nevada Supreme Court in the *Malloy* proceedings, and secures a finding that Nevada does incorporate the Portal-to-Portal act, such a result will not resolve this case.   As discussed, this case critically differs from *Malloy* since the plaintiffs allege FLSA violations that are not within the scope of the Portal-to-Portal act.   This case must proceed irrespective of the outcome in *Malloy.*   As a result, no stay of these proceedings should be imposed.

**CONCLUSION**

For all the foregoing reasons, defendant's motion should be denied.


Dated:  August 14, 2024                              Leon Greenberg Professional Corp.

                                                     By:  /S/ *Leon Greenberg*
                                                     Leon Greenberg, Esq.
                                                     1811 South Rainbow Boulevard #210
                                                     Las Vegas, NV 89146
                                                     (702) 383-6085
                                                     leongreenberg@overtimelaw.com
                                                     *Attorney for Plaintiffs*


**PROOF OF SERVICE**

I hereby certify that the above and foregoing was electronically filed using the

Court's CM/ECF system on this 14th day of August 2024, which will send electronic

notification of this filing to all counsel of record.


                                                      */s/ Leon Greenberg*
                                                     Leon Greenberg