1   BRADLEY J. HAMBURGER, (*pro hac vice*)
    MEGAN COONEY (*pro hac vice*)
2   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
3   Los Angeles, California 90071-3197
    Telephone:  213.229.7000
4   Email:  bhamburger@gibsondunn.com
    Email:  mcooney@gibsondunn.com
5
    MONTGOMERY Y. PAEK
6   Nevada Bar No. 10176
    AMY L. THOMSON
7   Nevada Bar No. 11907
    LITTLER MENDELSON, P.C.
8   3960 Howard Hughes Parkway
    Suite 300
9   Las Vegas, NV 89169
    Telephone:  702.863.8800
10  Facsimile:  702.862.8811
    Email:  mpack@littler.com
11  Email:  athompson@littler.com

12  *Attorneys for Defendant*
    AMAZON.COM SERVICES LLC

13

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

15

16   JASMINE SOLARES and ESTEFANIA          CASE NO. 2:24-cv-00881-EJY
     CORREA RESTREPO,
17                                           **DEFENDANT AMAZON.COM**
     Plaintiffs,                             **SERVICES LLC'S REPLY IN SUPPORT**
18                                           **OF MOTION TO DISMISS**
     v.
19
     AMAZON.COM SERVICES LLC,
20
     Defendant.
21

22

23

24

25

26

27

28

## I.     INTRODUCTION

Each of Plaintiffs' claims for unpaid wages under the FLSA and Nevada law are foreclosed as a matter of law and should be dismissed.  Plaintiffs' principal theory is that they should have been compensated for security screenings under the FLSA, but that contention was rejected by the U.S. Supreme Court in *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014), and again by the Ninth Circuit in *Buero v. Amazon.com Services, Inc.*, 61 F.4th 1031 (9th Cir. 2023) (per curiam).  While Supreme Court and Ninth Circuit precedent doom their FLSA claim, Plaintiffs' Nevada claims likewise fail because Nevada law generally tracks the FLSA—an issue that the Nevada Supreme Court is likely to definitively decide via a certified question appeal in *Malloy v. Amazon.com Services, LLC*.  This Court should dismiss this case or, alternatively, stay it pending the Nevada Supreme Court's decision in *Malloy*.

Plaintiffs' opposition confirms that their FLSA claims are focused on Amazon's alleged failure to pay for the time spent in security screening during meal periods, but that time is not compensable as a matter of law.  Plaintiffs assert that this screening was mandatory, but that's wrong.  As Plaintiffs themselves allege in the complaint, associates could leave the secured area during meal periods (and therefore undergo screening), but Amazon also "allowed [associates] to stay in for their Meal Period and eat their meal without submitting to that Meal Period Security Screening." FAC ¶ 23.  The existence of this choice renders any screening non-compensable.  And time that Plaintiffs spent taking meal periods was not integral or indispensable to their principal activities.  *Buero*, 61 F.4th at 1033, 1049.  In any event, even if Plaintiffs had alleged a plausible claim for unpaid time, the FAC's allegations make clear that any unpaid time was *de minimis*.

Plaintiffs also cannot claim entitlement to unpaid wages under Nevada law because Nevada law tracks the FLSA.  *See Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951, 955–56 (Nev. 2014); *Rite of Passage, ATCS/Silver State Acad. v. Nev. Dep't of Bus. & Indus.*, 131 Nev. 1338, 2015 WL 9484735, at *1–2 (Nev. Dec. 23, 2015).  Therefore, because Plaintiffs' FLSA fail as a matter of law, so too do their corresponding state law claims.  As for Plaintiffs' claim under Nevada law based on postliminary screening, that turns on whether Nevada law follows the federal Portal-to-Portal Act.  Plaintiffs offer almost no argument on that issue, and there is every reason to believe

Gibson, Dunn &
Crutcher LLP
Attorneys at Law

that Nevada employment law fully tracks the FLSA, including with respect to the Portal-to-Portal Act.  In any event, the Nevada Supreme Court will likely resolve that issue in *Malloy*, and Plaintiffs offer no legitimate reason why this Court should not, at a minimum, stay this action until that decision is issued.

Whether by dismissal or a stay, Plaintiffs' claims should not proceed.

## II.   ARGUMENT

### A.   Plaintiff's FLSA Claim Fails as a Matter of Law

Plaintiffs' FLSA claim fails because the time spent in meal period security screening, walking to and from on-site breakrooms, and waiting to clock back in after meal periods is not compensable under the applicable three-prong test: (1) is the activity work; (2) is the activity an integral and indispensable duty; and (3) is the activity *de minimis*.  *Bamonte v. City of Mesa*, 598 F.3d 1217, 1224 (9th Cir. 2010); *see* Dkt. 15 ("Mot.") 6–14.  Plaintiffs' opposition focuses on their meal period screening theory and largely abandons their walking to breakrooms and waiting to clock back in theories.  But regardless of the particular theory, Plaintiffs' FLSA claim fails at every step.

#### 1.   Time Spent in Meal Period Screening Is Not Compensable

Any time Plaintiffs spent in meal period screening if they chose to use a particular breakroom or left the facility cannot be considered compensable under any part of the FLSA's three-part test.  Plaintiffs cannot resort to a novel application of offensive nonmutual collateral estoppel to avoid dismissal.  This theory of liability fails.

##### a.   Meal Period Screening Is Not "Work" Because It Is Voluntary

The time spent in meal period screening is not "work" under the FLSA because meal period screenings are voluntary and are not "pursued necessarily and primarily for the benefit of [Amazon]."  *Bamonte*, 598 F.3d at 1224–25.  Plaintiffs contend that going through screenings during meal periods was required, but the allegations in the FAC (Dkt. 23) make clear that is not true.  Moreover, Plaintiffs have not plausibly alleged in the FAC, and do not meaningfully argue in their opposition, that the screenings benefit Amazon.

"[E]ntirely optional" activities or activities that reflect employee choice, not an employer's

2

requirement, do not constitute work under the FLSA. *Bamonte*, 598 F.3d at 1225; *see Ashely v. Youngblood*, 2017 WL 2672752, at *4–6 (E.D. Cal. June 21, 2017) (dismissing FLSA claim where the employee preferred, but was not required, to change clothes at work). Plaintiffs do not allege that they were required to go through meal period screening. To the contrary, Plaintiffs allege "Amazon allowed [associates] to stay in for their Meal Period and eat their meal **without** submitting to that Meal Period Security Screening." FAC ¶ 23 (emphasis added). This allegation dooms their meal period screening theory because they concede that screening was not required.

Plaintiffs insist otherwise in their opposition, however, asserting that going through screening was their only option. Plaintiffs argue that they cannot eat at their workstations and only 25% of associates can fit into the "secondary" breakrooms that allow them to avoid screening. Dkt. 27 ("Opp.") 3–4. But tellingly, Plaintiffs do not allege even a single instance when they tried to take their meal period in the secondary breakrooms but were instead forced to leave and walk through screening. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (requiring FLSA plaintiff to allege a particular workweek where a violation occurred). Because plaintiffs do not "identify, much less describe, a single instance where [Amazon]" forced them to undergo meal period screening, this activity was not required. *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017).

"Work" under the FLSA also is limited to activities that are "pursued necessarily and primarily for the benefit of" Amazon. *Bamonte*, 598 F.3d at 1224–25. And an "employee's choice to exit Amazon's premises in the middle of a work shift . . . serves no benefit upon Amazon." *Vaccaro v. Amazon.com.dedc, LLC*, 2020 WL 3496973, at *6 (D.N.J. June 29, 2020). This is the very situation here—Plaintiffs can choose to leave LAS2 during meal periods, which does not benefit Amazon. Plaintiffs offer no response to *Vaccaro* nor do they argue how meal period screenings primarily benefited Amazon. *See* Opp. 11. Nor can they because, as Plaintiffs concede, "[e]mployers need not allow employees to leave the work premises for a meal break" in the first place. *Id*. at 5 n.2. Rather than requiring associates to leave, Amazon provides associates with a choice and *Vaccarro* made clear an "employee's choice to exit Amazon's premises in the middle of a work shift serves no benefit upon Amazon" and is the consequence of "the employee's choice

3

to exit Amazon's premises in the middle of a work shift." *Vaccaro*, 2020 WL 3496973, at *6.

        **b.**    **The Screenings Are Not Integral or Indispensable To Plaintiffs' Principal Activities**

Plaintiffs also fail to plausibly allege that meal period screening is an "integral and indispensable" duty, which is required for the screening to be compensable under the FLSA. *Bamonte*, 598 F.3d at 1224. Plaintiffs' opposition is notably silent on how Amazon's security screening could plausibly constitute an integral or indispensable part of Plaintiffs' principal work activities. That is likely because multiple decisions have held that security screening is not "integral and indispensable" to an employee's principal activities.

The Supreme Court in *Busk* held that pre- and post-shift security screenings were not compensable because they were not "integral and indispensable" to the associates' principal activities because such "screenings [are] not an intrinsic element of retrieving products from warehouse shelves or packaging them for shipment." 574 U.S. at 28, 35. And more recently, the Ninth Circuit held that security screening during meal periods was not compensable under the FLSA because the plaintiff "fail[ed] to allege that undergoing a mandatory security screening is 'an integral and indispensable part' of an employee's principal activities." *Buero*, 61 F.4th at 1033, 1049. Under *Busk* and *Buero*, meal period screening is not integral or indispensable to Plaintiffs' principal activities because Amazon does "not employ [Plaintiffs] to undergo security screenings." *Busk*, 574 U.S. at 35.

Plaintiffs argue that *Buero* is distinguishable because here, unlike in *Buero*, Plaintiffs supposedly did not have a choice whether to leave the facility during meal periods. Opp. 4–5. But as explained above, Plaintiffs' own allegations concede that going through meal period screening is a voluntary choice. *See* Mot. 6–7; *see supra* 2–3. Moreover, *Buero* expressly held that failure to allege that meal period screening is "integral and indispensable" is itself grounds for dismissal. As in *Buero*, Plaintiffs do not allege that screening was "integral and indispensable."

Plaintiffs next insist that several Fourth and Seventh Circuit decisions cited by Amazon are "nonsensical," "inscrutable," "flawed," and "remarkable." Opp. 12–15. But Plaintiffs' disagreement with the outcomes of those cases does not change the fact that they are persuasive

Gibson, Dunn & Crutcher LLP
Attorneys at Law

1    authority here.  Plaintiffs concede as much in their opposition by citing another Fourth Circuit

2    opinion, *Perez v. Mountaire Farms, Inc.*, and noting that "[*Perez*] nonetheless reversed the district

3    court, finding it was 'required' to do so by *Sepulveda*"—one of the cases cited by Amazon.  *Id.* at

4    14.  Plaintiffs also do not dispute that the takeaway from each case is clear: "all 30 minutes [of

5    break time], including changing time, are excluded from worktime and therefore need not be

6    compensated."  *Mitchell v. JCG Indus., Inc.*, 745 F.3d 837, 841 (7th Cir. 2014); *see Sepulveda v.*

7    *Allen Family Foods, Inc.*, 591 F.3d 209, 216 n.4 (4th Cir. 2009) (time spent "during [employees']

8    lunch breaks donning and doffing a few items, washing, and walking to and from the cafeteria . . .

9    is non-compensable").  Applying *Mitchell* and *Sepulveda* as persuasive authority, the time spent

10   going through optional meal period screening is not integral and indispensable to Plaintiffs' duties.

11       Plaintiffs also contend that *Mitchell* is distinguishable because Plaintiffs allege that they

12   did "not receive . . . a  bona fide meal period."  Opp. 14–15 (citing FAC ¶ 49).  Plaintiffs have a

13   conclusory allegation that "Plaintiffs and/or some of those similarly situated worked [sic] for

14   Amazon at LAS2 . . . were provided an amount of time of less than 30 minutes . . . during that

15   Meal Period in which they were freed of all duties by Amazon."  FAC ¶ 49.  But generalized

16   allegations of non-bona fide meal periods will not suffice.  *See Landers*, 771 F.3d at 645–46; *Perez*

17   *v. DNC Parks & Resorts at Ailomar, Inc.*, 2022 WL 411422, at *4 (E.D. Cal. Feb. 10, 2022)

18   ("[P]laintiffs must allege facts specifically identifying an instance where they were deprived of a

19   meal . . . break.");  *Parsittie v. Schneider Logistics, Inc.*, 2019 WL 8163645, at *6 (C.D. Cal. Oct.

20   29, 2019) ("[A] plaintiff [must] allege actual *dates* of occurrences of any purported break

21   violations.").  Plaintiffs do not plausibly allege that they were denied of any bona fide meal periods.

22       Finally, Plaintiffs assert that time spent in screening is compensable because they were

23   subsequently required to move to new workstations.  Opp. 19–20.  But the complaint makes clear

24   that Plaintiffs are compensated for their actual "travel" time between workstations.  FAC ¶¶ 21,

25   27–28; *see* Mot. 9.  Just because Plaintiffs go to a new workstation after their meal period does not

26   mean that the time they spend walking *during* their meal periods is "integral and indispensable" to

27   Plaintiffs' duties.

28

5

### c.      The Screening Time Is *De Minimis*

Even if compensable, time not captured does not need to be compensated if it is *de minimis*. Most courts interpret *de minimis* to be "daily periods of approximately 10 minutes." *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984).   In determining whether otherwise compensable time is *de minimis*, courts consider the practical administrative difficulty of recording the additional time, the aggregate amount of compensable time, and the regularity of additional work. *Id.* at 1063.  Applying these factors, Plaintiffs' own allegations establish that the time spent in meal period screening is *de minimis*.  *See* Mot. 10–11.

First, Plaintiffs' allegations admit that that entire screening process was four to nine minutes. *See* FAC ¶¶ 24, 26.  While Amazon disputes that the screening takes anywhere near this long, this admission places the time well-within the standard ten-minute window.  *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 904 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005).

Second, as discussed above, the complaint makes clear that the screenings at issue were not required.  Plaintiffs assert in their opposition that they went through meal period screening "during 75% of their shifts," Opp. 17, but even if true that still does not mean that any "mandatory" screening was so regular that it should be considered compensable.

Plaintiffs argue that it is not administratively difficult for Amazon to capture the additional time by placing time clocks after its screening stations.  Opp. 21.  But there is no such allegation in the FAC, nor would such an allegation be plausible.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), [r]eview is limited to the complaint.").  Placing time clocks outside of the screening area would not capture only what Plaintiffs contend is compensable screening time, but also the time associates spend socializing, talking to friends or peers, or engaging in any other noncompensable activity.  That means it would be administratively difficult to even capture the screening time accurately.

Finally, citing *Cadena v. Customer Connexx LLC*, 107 F.4th 902, 911 (9th Cir. 2024), Plaintiffs argue that Amazon faces an "impossible" burden to show that any time was *de minimis* at the pleadings stage.  Opp. 21.  That is wrong given the admissions in the complaint regarding

Gibson, Dunn &
Crutcher LLP
Attorneys at Law

the length of the screenings at issue here.  Plaintiffs allege that the entire screening process resulted in no more than a four- to nine-minute delay.  *See* FAC ¶¶ 24, 26.  By contrast, in *Cadena*, employees offered time estimates of up to 30 minutes, which led the Ninth Circuit to determine that "the total uncompensated time could be 'substantial' over time."  107 F.4th at 914.  And contrary to Plaintiffs' assertion that it would be premature for Amazon to establish that time spent in screening is *de minimis*, courts regularly apply the *de minimis* exception at the motion to dismiss stage where, as here, the allegations of the complaint make clear that the uncompensated time is *de minimis*.  *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 532 (9th Cir. 2013), *rev'd on other grounds*, 574 U.S. 27 (2014); *Perez v. Wells Fargo & Co.*, 2015 WL 1887354, at *8 (N.D. Cal. Apr. 24, 2015) (dismissing claim on *de minimis* grounds).

### d.    Plaintiffs' Collateral Estoppel Argument Is Meritless

Unable to explain how they have stated a plausible claim, Plaintiffs assert in entirely conclusory fashion that Amazon is precluded under the doctrine of collateral estoppel from disputing that meal period screenings are "work" under the FLSA.  Opp. 7–8.  The Court should reject this undeveloped argument because there is no basis to apply collateral estoppel here.

Collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment."  *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (citation omitted).  Because Plaintiffs contend that collateral estoppel applies based on two prior federal court decisions—*Busk v. Integrity Staffing Solutions, Inc.*, 905 F.3d 387 (6th Cir. 2018) and *Thomas v. Amazon.com Services Inc.*, 462 F. Supp. 3d 828 (N.D. Ohio 2020)—"[f]ederal common law . . . applies."  *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020–21 & n.6 (9th Cir. 2019).

Plaintiffs claim that in *Busk* Amazon "litigated the issue of whether time spent performing mandatory meal break . . . security screening was compensable for FLSA purposes," and so Amazon is foreclosed from challenging the sufficiency of Plaintiffs' meal break screening claim.  Opp. 8.  But the issue "necessarily decided" in *Busk* is not "identical to the one which is sought to be relitigated" here.  *Granite Rock Co. v. Int'l B'hood of Teamsters*, 649 F.3d 1067, 1070 (9th Cir. 2011); *see also, e.g.*, *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 233–35 (9th

7

Cir. 1989) (collateral estoppel not available when the issues were different).

In *Busk*, the plaintiffs alleged that they were required to undergo security screening that "took approximately 25 minutes each day" and they were "required to under the same security clearance prior to taking their lunch breaks" as at the end of their shifts.  905 F.3d at 392.  Therefore, the Sixth Circuit was only addressing whether "mandatory security screenings"—and specifically ones that allegedly took approximately 25 minutes and were required during each lunch break—were compensable under Nevada law.  *Id.* at 398–99.  But here, Plaintiffs alleges that "Amazon allowed [associates] to stay in for the Meal Period and eat their meal *without submitting to that Meal Period Security Screening*."  FAC ¶ 23 (emphasis added).  Because the Sixth Circuit in *Busk* was assessing an entirely different set of alleged facts than the ones here, and its conclusion that allegations of lengthy, compulsory screenings during meal periods were compensable under Nevada law has no preclusive effect in this case.

Plaintiffs' reliance on *Thomas* to support their collateral estoppel argument also fails for two independent reasons.  First, *Thomas* did not result in a final judgment on the merits.  Instead, after denying Amazon's motion for judgment on the pleadings, the court later dismissed the case after concluding it lacked subject matter jurisdiction.  *Thomas v. Amazon.com Servs., Inc.*, 561 F. Supp. 3d 740, 746–47 (N.D. Ohio 2021); *see also* Opp. 8 & n.6.  Collateral estoppel requires that the "first proceeding ended with a final judgment on the merits," *Granite Rock*, 649 F.3d at 1070, and "[a] dismissal for lack of subject matter jurisdiction is not a final judgment on the merits," *In re Brooks-Hamilton*, 271 F. App'x 654, 657 (9th Cir. 2008) (citing Fed. R. Civ. P. 41(b)); *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 925 n.11 (9th Cir. 2009) (holding that "doctrine of collateral estoppel [wa]s inapplicable" where prior actions were dismissed for "lack of subject matter jurisdiction").

In any event, *Thomas* also did not adjudicate an "identical" issue.  In *Thomas*, the plaintiffs "alleged that the pre-lunch security screenings were mandatory." 462 F. Supp. 3d at 838.  Amazon asserted, as alleged in its answer, that associates could take meal breaks within a secured area without going through screening.  *Id.*  But the Court concluded that the plaintiffs' contrary allegations that the screenings were mandatory had to "be accepted as true."  *Id.*  Unlike the

8

plaintiffs in *Thomas*, Plaintiffs do not allege that meal period screenings were mandatory; instead, the complaint admits associates had a choice of where to take their meal periods and thus a choice as to whether to be subject to screening. FAC ¶ 23. Therefore, even if *Thomas* could have preclusive effect, like *Busk* it turned on allegations that are materially different than those here and thus any issue it decided cannot have any preclusive effect here.

### 2. Walking To And From Breakrooms Is Not Compensable Under The FLSA

Plaintiffs' next FLSA theory—that time spent walking between time clocks and the secondary breakrooms is compensable under the FLSA—likewise fails as a matter of law. *See* Mot. 11–12. Plaintiffs' cursory defense of this theory of compensable time is based on their contention that the Ninth Circuit in *Busk* did not address whether the time spent walking to the lunchroom was required by Amazon or was voluntary, which supposedly makes *Busk* inapplicable. Opp. 17. But as with security screening, Plaintiffs are not "required" to walk to breakrooms and time spent walking during meal periods is not "primarily for the benefit of the employer." *Bamonte*, 598 F.3d at 1224–25. Instead, as Plaintiffs concede, Amazon permits Plaintiffs to either leave the premises or to take their breaks at a breakroom. Opp. 17; *see supra* 2–3. This choice "serves primarily to benefit the employee" and confers "no benefit on Amazon." *Vaccaro*, 2020 WL 3496973, at *6.

But even if the walking time at issue constitutes work, the Ninth Circuit's decision in *Busk* precludes any argument that this was an integral or indispensable work task. In *Busk*, the plaintiffs alleged that the employer placed "the time clocks far from the lunchroom," forcing employees to "walk to the lunchroom in order to each lunch" while off the clock. *Busk*, 713 F.3d at 532. But the Ninth Circuit held that "walking to the lunchroom is not a work duty" because "it is not necessary to the plaintiffs' principal work as warehouse employees." *Id.*

In any event, Plaintiffs have failed to plausibly allege that any time walking to or from the secondary breakrooms is more than *de minimis*. By Plaintiffs' own admission, it would take "approximately two to five minutes" to walk from the time clocks to the secondary breakrooms. FAC ¶ 25. Even if this time was otherwise compensable, the time spent is *de minimis* under the *Lindow* factors. *Alvarez*, 339 F.3d at 904; *see supra* 6–7.

9

### 3. Clocking In At The End of Meal Periods Is Not Compensable

Plaintiffs largely drop their final FLSA theory that time spent waiting to clock in from meal periods is compensable, instead saying in a footnote that "[t]hese times are explained in the FAC." Opp. 6 n.4. Given that Plaintiffs' opposition at best "merely reiterates the allegations set forth in the Complaint," Plaintiffs have "failed to respond properly to [Amazon's] Motion" and Amazon's "Motion can be granted" on these grounds. *Harvey v. Washington Mut. Bank, F.A.*, 2011 WL 2415189, at *1 (D. Nev. June 10, 2011). This is because "Plaintiffs' failure to oppose [a] portion of [a] Defendant's motion constitutes consent to the granting of Defendant's Motion." *Bartley v. Wells Fargo Bank*, 2014 WL 664660, at *4 (D. Nev. Feb. 18, 2014).

Regardless, this theory, like those above, fails under all three FLSA prongs. Mot. 12–14. This activity does not constitute work because it is part and parcel of taking an off-the-clock meal period that benefitted associates, not Amazon. Mot. 12. It also is not integral or indispensable to Plaintiffs' principal activities. Mot. 13. As *Cadena v. Customer Connexx LLC* puts it, "where the employer could do away with [the challenged activity] without impairing the warehouse employees' ability to retrieve and package products" there is an insufficient "relationship to the employees' principal duties" for compensation under the FLSA. 51 F.4th 831, 839 (9th Cir. 2022). Finally, the "one to three minutes" it allegedly took Plaintiffs to "que [sic] up at an Amazon punch clock" is *de minimis* under the *Lindow* factors. FAC ¶ 29; Mot. 13–14; *supra* 7–8.

### B. Plaintiffs' Nevada Law Claims Fail As A Matter of Law

Plaintiffs' Nevada state law claims fail because the same theories would fail under the FLSA. Mot. 14–18. Plaintiffs do not dispute that Nevada law tracks the FLSA, and therefore their Nevada claims for the time spent in meal period screening, walking to and from secondary breakrooms, and waiting to clock in at the end of meal periods fail for the same reasons they fail under the FLSA. Mot. 16.

Plaintiffs' final state law theory is that they are entitled to compensation for postliminary security screening, and it fares no better. This compensable time argument is not viable under the Portal-to-Portal Act, which Amazon contends that Nevada law incorporates (given that it generally tracks federal law in this area). Mot. 16–18. Plaintiffs do not attempt to address the substance of

Gibson, Dunn & Crutcher LLP
Attorneys at Law

Amazon's arguments, instead simply asserting that the Sixth Circuit in *Busk* and Judge Traum in *Malloy* concluded that Nevada does not incorporate the Portal-to-Portal Act.  Neither decision is binding on this Court.  *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent."); *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are . . . bound by the law of their own circuit.").  Further, as Amazon has explained, the Sixth Circuit's divided decision in *Busk* is wrong.  Mot. 17–18.  And while the court in *Malloy* concluded that the Nevada does not incorporate the Portal-to-Portal Act, it has recognized that this is "an unsettled question of state law" such that certification of this issue to the Nevada Supreme Court was appropriate.  *Malloy v. Amazon.com Servs., LLC*, 2024 WL 3276274, at *2–3 (D. Nev. July 1, 2024).  Plaintiffs have therefore provided no basis beyond mere conclusions to conclude that Nevada law does not incorporate the Portal-to-Portal Act.

C.     **This Court Should Alternatively Stay This Case Pending The Nevada Supreme Court's Decision In *Malloy***

The Court can dismiss the case for the reasons noted in Amazon's motion but, at a minimum, the Court should stay this case until the Nevada Supreme Court resolves the certified question in *Malloy* of whether Nevada law incorporates the Portal-to-Portal Act.  Mot. 18–20.  Plaintiffs' sole response is that this case should not be stayed because they allege "FLSA violations that are not within the scope of the Portal-to-Portal [A]ct."  Opp. 22.  That the certified question in *Malloy* may not be fully dispositive of this entire action does not mean a stay is unwarranted.

Staying this case pending the certified question in *Malloy* will resolve potentially dispositive questions of law and simplify the issues.  Even if the FLSA claims are not impacted by *Malloy*, all claims need not be identical in order to warrant a stay—the question is whether a stay will simplify the issues, proof, or questions of law.  There is no question here that they will.  The parties disagree over whether Nevada law follows the Portal-to-Portal Act, and the Nevada Supreme Court will definitively resolve that question in *Malloy*.  And that ruling will be dispositive to an entire theory of liability that Plaintiffs have advanced.

A stay also will not cause any harm to the parties, especially given the "relatively brief" nature of the stay.  *Gong-Chun v. AETNA, Inc.*, 2010 WL 1980175, at *3 (E.D. Cal. May 17, 2010)

11

1    (staying wage-and-hour class action pending resolution of California Supreme Court case).

2    Plaintiffs do not point to any harm they will incur as a result of any stay.  By contrast, the court

3    and the parties will waste resources by continuing to litigate without waiting for *Malloy*.

### III.    CONCLUSION

5    The Court should dismiss the complaint in its entirety.  If not, the Court should stay this

6    case pending resolution of the certified question in *Malloy*.

Dated: August 28, 2024

*/s/ Amy L. Thompson, Esq.*
MONTGOMERY Y. PAEK, ESQ.
AMY L. THOMPSON, ESQ.
LITTLER MENDELSON, P.C.

BRADLEY J. HAMBURGER, ESQ.
MEGAN COONEY, ESQ.
GIBSON DUNN

*Attorneys for Defendant*
AMAZON.COM SERVICES LLC

Gibson, Dunn &
Crutcher LLP
Attorneys at Law

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, CA 92101-3577.  On August 28, 2024, I served the within document(s):

**DEFENDANT AMAZON.COM SERVICES LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

☒   By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-1, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Leon Greenberg, Esq.
Ruthann Devereaux-Gonzales, Esq
Leon Greenberg Professional Corporation
2965 South Jones Blvd., Suite E3
Las Vegas, NV 89146
leongreenberg@overtimelaw.com
ranni@overtimelaw.com

Attorneys for Plaintiff

James P. Kemp, Esq
Kemp & Kemp, Attorneys at Law
7435 W. Azure Drive, Suite 110
Las Vegas, NV, 89130
jp@kemp-attorneys.com

Attorney for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 28, 2024, at San Diego, CA.

*/s/ Erin J. Melwak*
Erin J. Melwak
Littler Mendelson

4856-5472-9950.1 / 090069-1986

Gibson, Dunn &
Crutcher LLP
Attorneys at Law