BRADLEY J. HAMBURGER (*pro hac vice*)
MEGAN M. COONEY (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Email:  bhamburger@gibsondunn.com
Email:  mcooney@gibsondunn.com

Montgomery Y. Paek, Esq.
Bar No. 10176
Amy L. Thompson, Esq.
Bar No. 11907
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169
Telephone:     702.862.8800
Fax No.:        702.862.8811
Email:  mpaek@littler.com
Email:  athompson@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE SOLARES, ESTEFANIA CORREA RESTREPO, and STEVEN REID,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendants. | CASE NO. 2:24-CV-00881-EJY<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S MOTION TO STRIKE PLAINTIFFS' REPLY IN SUPPORT TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C. § 216(B) AND FOR OTHER RELIEF AND ACCOMPANYING EXHIBITS** |

## I.     INTRODUCTION

Plaintiffs' 19-page reply in support of their motion for circulation of notice of this action under the Fair Labor Standards Act reflects a blatant disregard for evidentiary rules and the rules of this District.  Not only does it impermissibly exceed the page limit, but the reply is accompanied by new reply evidence—including two *unsigned* declarations—and a proposed collective action notice that was never previously filed.  Plaintiffs followed this up by filing, without leave from this Court, two declarations nine days later (one entirely new, the other a signed version of one of the improper unsigned declarations submitted with the reply).  Because this approach violates basic rules and will prejudice Amazon, the Court should strike the reply, all exhibits, and the late declarations.

Plaintiffs' disregard for the applicable rules is extensive.  To start, the reply well exceeds the 12-page limit under the Local Rules, which alone justifies striking their brief.  *See, e.g.*, *Rimini Street, Inc. v. Oracle Int'l Corp.*, 2019 WL 2358389, at *3 (D. Nev. June 4, 2019) (courts grant "motions to strike when parties have exceeded page limits without first seeking court approval").  If Plaintiffs believed it was necessary to file an overlength brief (even though Amazon filed an opposition brief that complied with the length limits under the Local Rules), they should have asked this Court for permission to do that.  Instead, they took matters into their own hands and unilaterally filed a significantly overlength brief.

There is more.  It is well established that introducing new evidence in reply is inappropriate, but Plaintiffs have done just that.  *See, e.g.*, *Pacquiao v. Mayweather*, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) (striking exhibits attached to motion to dismiss reply).  And even if it were appropriate to submit additional declarations at this stage—when Amazon has no opportunity to respond—submitting unsigned declarations certainly is not.  *See Tobin v. City & County of San Francisco*, 2016 WL 5791224, at *3 (N.D. Cal. Oct. 4, 2016) ("An unsigned declaration 'is an inadmissible document because there is no proof that the declarant saw the document or approved of its contents.'").  Last, Plaintiffs seek to introduce a mandatory consent form without providing Amazon with the opportunity to address the merits of the forum, which is necessary in order "to avoid . . . the appearance of judicial endorsement" of the merits of this action.  *Hoffman-La Roche*

1   *Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

2       Given these rule violations, the Court should strike the reply, all accompanying exhibits,

3   and the two additional late-filed declarations filed on September 6.  Alternatively, the Court should

4   allow Amazon to file a three-page sur-reply.

5                                    **II.    BACKGROUND**

6       On July 8, 2024, Plaintiffs filed a 12-page motion for circulation of notice of this action

7   under the FLSA.  Dkt. 17 ("Mot.").  Plaintiffs seek to conditionally certify a class of "similarly

8   situated" current and former hourly employees who worked at Amazon's LAS2 facility in Nevada.

9   *Id.*  In support of their Motion, Plaintiffs attached a copy of the original complaint, four signed

10  declarations laying out how LAS2's challenged policies worked, one unsigned declaration, and a

11  proposed notice to be sent to putative collective members.  After Plaintiffs filed an amended

12  complaint, Amazon opposed conditional certification and included four declarations in support of

13  its opposition, all of which were signed.  Dkt. 26.  Amazon's opposition argues, among other

14  things, that Plaintiffs failed to "submit a proposed consent form." *Id.* at 19.

15      On August 28, Plaintiffs responded by filing a 19-page reply.  Dkt. 30 ("Reply").  The

16  reply is accompanied by three declarations from Plaintiff Estefania Correa, Plaintiff Jasmine

17  Solares, and opt-in Jamar Jacocks.  All three purported declarants filed declarations with the

18  original Motion and purport to provide further information on how the challenged practices at

19  LAS2 worked, which was also the subject of the original declarations.  Two of the declarations—

20  for Ms. Solares and Ms. Correa—are unsigned.  Plaintiffs also attached a proposed consent form

21  to the reply, claiming that it was "inadvertently omitted" from the original Motion.  *Id.* at 19.

22      On September 6, without seeking leave from this Court, Plaintiffs filed two signed

23  declarations—one from Ms. Correa and one from Plaintiff Steven Reid.  Dkts. 31, 32.  Plaintiffs

24  have never filed a signed declaration by Ms. Solares.

25                              **III.    STANDARD OF REVIEW**

26      A district court has the inherent power to strike a party's submissions other than pleadings.

27  *See, e.g.*, *USF Ins. Co. v. Smith's Food & Drug Ctr., Inc.*, 2011 WL 1326008, at *2 (D. Nev. Apr.

28  6, 2011) (citation omitted); *see also Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (district

courts have "inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").  For example, courts use their "inherent power over the administration of its business" to strike documents that exceed the page limits and attachments, such as declarations, that do not comply with the applicable rules.  *See, e.g.*, *Rimini*, 2019 WL 2358389, at *3 (striking document for exceeding page limits); *Jones v. Skolnik*, 2018 WL 3640409, at *7 (D. Nev. June 14, 2018) (striking portions of a declaration), *report and recommendation adopted*, 2018 WL 3633920 (D. Nev. July 30, 2018).

## IV.   ARGUMENT

### A.   Plaintiffs' Overlength Reply Should Be Stricken

Plaintiffs' 19-page reply should be stricken.  The Local Rules outline specific page limits for various motions, oppositions to those motions, and the replies.  *See* Local Rule 7-3.  The page limit set by Local Rule 7-3 for replies to all motions (except for motions for summary judgment) is clear: "replies are limited to 12 pages."  Local Rule 7-3(b).  Plaintiffs' 19-page reply well exceeds this page limit.

There is no basis for Plaintiffs to disregard this limit.  If Plaintiffs "believed it was necessary to file a [reply] brief longer than [12] pages"—which is disfavored in this District—"[they] should have filed for leave to exceed the page limits."  *Rimini*, 2019 WL 2358389, at *3; *see* Local Rule 7-3(c) (outlining procedure on "disfavored" motions to exceed page limits).  But they did not.  Courts regularly strike documents where the parties exceed page limits without court approval.  *See, e.g.*, *Rimini*, 2019 WL 2358389, at *3 (striking attachment to summary judgment reply as an attempt to circumvent the page limit); *Magdaluyo v. MGM Grand Hotel, LLC*, 2017 WL 736875, at *6 (D. Nev. Feb. 24, 2017) (striking documents that were "improper attempts to evade the page limits for argument").

This violation also prejudices Amazon.  Given the length of the reply (which exceeds by 6 pages the Motion), Amazon has been deprived of the opportunity to address many of the arguments raised for the first time in the over-length reply (even though those arguments could have easily

been raised in the Motion itself).  Nor has Amazon been "afforded the opportunity to include" additional pages for its argument or address the new evidence Plaintiffs now rely on.  *Rimini*, 2019 WL 2358389, at *3.  If there were additional arguments that Plaintiffs needed to include in the Motion, they "could and should have presented" such argument in the Motion.  *Terrell v. Cent Wash. Asphalt, Inc.*, 2016 WL 8738266, at *2 (D. Nev. Mar. 4, 2016).

The reply should be stricken in its entirety or, at a minimum, stricken and Plaintiffs forced to file a "reply that comports with the [Local Rules]" (and does not include any newly added evidence and arguments).  *Heegel v. Nev. Prop. 1 LLC*, 2022 WL 3229186, at *2 (D. Nev. Aug. 10, 2022).  If the Court is not inclined to strike the reply, it should instead permit Amazon to file a three-page sur-reply.

**B.    Plaintiffs' Reply Exhibits Should Be Stricken**

The Court should also strike the new exhibits, which consists of the three signed declarations, two unsigned declarations, and a proposed consent form.  To the extent a "party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond." *Oracle USA, Inc. v. Rimini Street, Inc.*, 2016 WL 6208254, at *2 (D. Nev. Oct. 24, 2016); *see Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (reversing denial of motion to strike new evidence raised in reply).  In this case, there is no doubt that the declarations and the consent form all amount to new evidence and arguments in support of Plaintiffs' Motion.

Plaintiffs state in their Reply that counsel "inadvertently omitted" the proposed consent form from their Motion.  Reply at 19.  Even if true, the proper approach would have been to fix this mistake *before* Amazon filed its opposition (or, if only discovered after that filing, then raising the issue with Amazon in order to work out a procedure whereby Amazon could file a response to this document).  Plaintiffs did none of this, despite the fact that the consent form is submitted as a document for the Court to approve so that it may be sent to potential opt-in plaintiffs.  Depriving Amazon the opportunity to review and challenge the form of the consent form is highly prejudicial and could result in a one-sided notice process inconsistent with Supreme Court precedent that acknowledges that "the parties and the court benefit from settling disputes about the contents . . .

Gibson, Dunn &
Crutcher LLP
Attorneys at Law

*before* it is distributed" in order to avoid "even the *appearance* of judicial endorsement of the merits of the action." *Hoffman-La Roche*, 493 U.S. at 172, 174 (emphasis added).

All of the declarations are likewise improper, as they have deprived Amazon of the opportunity to respond to them. Plaintiffs submitted three new declarations in reply, two of which were unsigned. *See* Dkt. 30 Exs. A, B, C. The unsigned declarations should be stricken because an unsigned declaration is an "inadmissible document" that lacks "proof that the declarant saw the document or approved of its contents." *Tobin*, 2016 WL 5791224, at *3 (citation omitted); *see Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (to be considered as evidence, a complaint must be signed under penalty of perjury under 28 U.S.C. § 1746). This is not the first time Plaintiffs have submitted a declaration without a signature, either, as Plaintiffs' Motion was also accompanied by an unsigned declaration by Mr. Reid that has yet to be signed. Because the declarations are unsigned, they are "a nullity" and should be stricken from the record. *Cranford v. Henderson*, 2008 WL 538485, at *4 n.1 (C.D. Cal. Jan. 17, 2008); *see, e.g.*, *Boone v. City of Phoenix*, 2024 WL 3105892, at *2 (D. Ariz. June 24, 2024) (striking unsigned declaration); *Garcia v. Foulk*, 2020 WL 564791, at *4 (E.D. Cal. Feb. 5, 2020) (same); *Goldmanis v. Insinger*, 2014 WL 3739430, at *7 n.7 (W.D. Wash. July 29, 2014) (same).

And last week, more than a week after the reply deadline, Plaintiffs submitted two additional declarations, without seeking leave to make this much-belated filing. Dkts. 31, 32. One was a signed version of Ms. Correa's declaration, which was one of the unsigned declarations filed with Plaintiffs' reply. The other declaration was a new declaration filed by Plaintiff Steven Reid, which was not even submitted in any form with Plaintiffs' reply. These late-filed declarations should be stricken because they are untimely, were submitted after the close of briefing, and there is no "good cause for [their] lateness." *De La Paz Enters. v. Nat'l Fire Ins. Co.*, 2009 WL 10693514, at *4 (D. Nev. Apr. 20, 2009); *see Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1557 n.4 (9th Cir. 1987) (finding that the district court did not abuse its discretion when it refused to consider affidavits when the appellant had no excuse for the lateness of the submissions).

1

## V.     CONCLUSION

2      Amazon respectfully requests that the Court strike the Reply, all accompanying Exhibits

3  (Dkt. 30), and the two late-filed declarations (Dkts. 31, 32).  If the Court is not inclined to strike

4  these documents, it should instead permit Amazon to file a three-page sur-reply.

5

6   Dated: September 13, 2024

7

8

9                                                    /s/ Amy L. Thompson, Esq.
                                                     MONTGOMERY Y. PAEK, ESQ.
10                                                   AMY L. THOMPSON, ESQ.
                                                     LITTLER MENDELSON, P.C.
11
                                                     BRADLEY J. HAMBURGER, ESQ.
12                                                   MEGAN COONEY, ESQ.
                                                     GIBSON DUNN
13
                                                     *Attorneys for Defendant*
14                                                   AMAZON.COM SERVICES LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, CA 92101-3577.  On September 13, 2024, I served the within document(s):

**DEFENDANT AMAZON.COM SERVICES LLC'S MOTION TO STRIKE PLAINTIFFS' REPLY IN SUPPORT TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C. § 216(B) AND FOR OTHER RELIEF AND ACCOMPANYING EXHIBITS**

☒    By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-1, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Leon Greenberg, Esq.
Ruthann Devereaux-Gonzales, Esq
Leon Greenberg Professional Corporation
2965 South Jones Blvd., Suite E3
Las Vegas, NV 89146
leongreenberg@overtimelaw.com
ranni@overtimelaw.com

Attorneys for Plaintiff

James P. Kemp, Esq
Kemp & Kemp, Attorneys at Law
7435 W. Azure Drive, Suite 110
Las Vegas, NV, 89130
jp@kemp-attorneys.com

Attorney for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2024, at San Diego, CA.

*/s/ Erin J. Melwak*
Erin J. Melwak
Littler Mendelson