UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASMINE SOLARES, ESTEFANIA CORREA RESTREPO, and STEVEN REID,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Case No. 2:24-cv-00881-EJY<br><br>**ORDER** |

Pending before the Court is the Stipulated Scheduling Order in which the parties do not actually stipulate to a schedule. ECF No. 35. Also pending before the Court are two motions: (1) Defendant's Motion to Dismiss (ECF No. 15); and (2) Plaintiffs' Motion for Circulation of Notice of the Pendency of this Action. ECF No. 17. These motions are fully briefed and waiting for decisions by the Court. The Court reviewed the Motion to Dismiss, but has made no decision regarding the outcome. Nonetheless, if granted, the Motion would resolve the case on a collective/class basis in its entirety. The Court weighs this factor against the time and expense of discovery before conditional certification on a Fair Labor Standards Act collective action noting, further, that no conditional certification process applies to Fed. R. Civ. P. 23 class claims.

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.* A stay of discovery may be granted when: (1) a pending motion is potentially dispositive of the case; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a

"preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a stay of discovery bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, Case No. 2:12-cv-01859, 2013 WL 5947138, *1 (D. Nev. Oct. 31, 2013), *citing Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012).

Here, the Court agrees that Defendant's Motion to Dismiss is potentially dispositive and can be decided without discovery. The Court is less certain that the merits will lead to dismissal of all class/collective claims. This is not a prequel to the Court's decision. It is merely recognition of the complicated nature of the arguments that have not yet been fully reviewed and vetted. Thus, the Court finds the parties may conduct limited discovery pending the outcome of the Motion to Dismiss as follows:

1. Discovery is open for a period of ninety (90) days measured from the date of this Order;

2. The scope of discovery is limited to the named Plaintiffs (this does not include opt ins, if any);

3. Defendant is to produce the named Plaintiffs' personnel and time card records for the claims period;

4. Defendant is to produce time and attendance policies, if any, applicable to Plaintiffs' claims;

5. Plaintiffs are to produce any documents in their possession, custody or control relevant to their individual claims;

6. Plaintiffs are collectively entitled to propound 10 interrogatories and 10 document requests on Defendant related to their claims;

7. No class data is to be requested and none is required to be produced during this 90 day discovery period;

8. Defendant is entitled to propound 10 interrogatories and 10 document requests on each Plaintiff regarding their individual claims;

9. Defendant may, at its choosing, take the deposition of the named Plaintiffs.

10. Plaintiffs may, at their choosing, take the deposition of their respective supervisors or managers in their individual capacities;

11. The decision not to conduct discovery will not function as a waiver of any discovery rights; and,

12. The interrogatories and depositions will not count against the total number permitted under the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Stipulated Scheduling Order (ECF No. 35) is DENIED without prejudice.

Dated this 26th day of September, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE