UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JASMINE SOLARES, ESTEFANIA CORREA RESTREPO, and STEVEN REID,

Plaintiffs,

v.

AMAZON.COM SERVICES, LLC,

Defendant.

Case No. 2:24-cv-00881-EJY

**ORDER**

The Court has before it Defendant Amazon.com Services LLC's[1] Renewed Motion to Dismiss (ECF No. 59), Plaintiffs' Response (ECF No. 60), and Amazon's Reply (ECF No. 61). The Court has considered these submissions as well as the supplemental briefing filed by Amazon and Plaintiffs (ECF Nos. 68 and 69) respectively. After reviewing all the briefing and substantial case law, the Court finds it appropriate to certify the following potentially dispositive question to the Nevada Supreme Court:

> Does the enactment of Senate Bill 8, expressly incorporating the Portal-to-Portal Act into Nevada's wage-hour statutory scheme, apply to the determination of what constitutes compensable time under the minimum wage guarantee found in Article 15, Section 16 of the Nevada Constitution?

## I. Background

This case commenced in May 2024 with Plaintiffs' class and collective action pursuing various unpaid wages, overtime, and penalties under state and federal law. ECF No. 1. The Court dismissed Plaintiffs' federal claims after applying *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014), and other case law discussing the Portal-to-Portal and Fair Labor Standards Acts.[2] ECF No. 53. The Court denied Amazon's Motion to Dismiss Plaintiffs' claim arising under Nevada's wage hour statutes without prejudice allowing for a refiling of the Motion after the Nevada Supreme

[1] Hereinafter Amazon.com Services LLC is referred to as "Amazon" or "Defendant."
[2] The Portal-to-Portal Act is referred to herein as the "PPA."

Court issued its decision on the certified question posed in *Malloy v. Amazon.com Services, LLC*, Case No. 89314 (Nev. Oct. 24, 2024). *Id.*

On October 30, 2025, the Nevada Supreme Court held "the Nevada Legislature did not intend to incorporate the PPA's exceptions to compensable work activities into its wage-hour laws." *Amazon.com Services, LLC v. Malloy*, 578 P.3d 634, 635 (Nev. 2025). The Nevada Legislature reacted quickly to this decision, enacting Senate Bill 8 (signed into law on November 20, 2025), which states that Nevada exempts "from hours of work such time excluded by sections 2 and 4 of the Portal-to-Portal Act of 1947, as amended …." 2025 Nev. Stat. ch. 8, at 65; S.B. 8, 36th Special Session (Nov. 2025).

Based on this series of events, Plaintiffs' claims under Nevada's wage-hour statutory scheme no longer proceed; however, Plaintiffs assert a separate claim under the Nevada Constitution, Art. 15, Section 16 (commonly referred to as the "Minimum Wage Amendment" or the "MWA"). Plaintiffs contend that under the plain language of the MWA and precedent set by the Nevada Supreme Court decisions in *Doe Dancer 1 v. La Fuente, Inc.*, 481 P.3d 860 (Nev. 2021), *Myers v. Reno Cab Co.*, 492 P.3d 545 (Nev. 2021), and *Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951 (Nev. 2014), the Legislature could not modify the constitutional right created by the Minimum Wage Amendment. Defendant distinguishes the decision in *Doe Dancer 1* and argues Plaintiffs will prevail on their remaining claims only if the MWA is construed to have silently adopted a definition of "work" inconsistent with the statutory definition.

## II. Legal Standard

Under Nevada Rule of Appellate Procedure 5(a), the Nevada Supreme Court may answer questions of law certified to it by a United States District Court "if there are involved in any proceeding before … [that] court[] questions of law of this state that may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Appeals of this state." Nev. R. App. P. 5(a). Nevada's appellate rule further directs that an order certifying a question

must set forth:

> (1) The questions of law to be answered; (2) A statement of all facts relevant to the questions certified, identifying any facts that are in dispute; (3) The nature of the controversy in which the questions arose; (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court; (5) The names and addresses of counsel for the appellant and respondent; (6) A brief statement explaining how the certified question of law may be determinative of the cause then pending in the certifying court; (7) A brief statement setting forth relevant decisions, if any, of the Supreme Court and the Court of Appeals and the reasons why such decisions are not controlling; and (8) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

## III. Discussion

The Court applies each of the eight above elements demonstrating certification is appropriate.

a. The Question to be Answered.

As stated above, the question to be answered is:

> Does the enactment of Senate Bill 8, expressly incorporating the Portal-to-Portal Act into Nevada's wage-hour statutory scheme, apply to the determination of what constitutes compensable time under the minimum wage guarantee found in Article 15, Section 16 of the Nevada Constitution?

b. A Statement of All Facts Relevant to the Question Certified, Identifying any Facts in Dispute.

There are no material facts in dispute. Amazon requires Plaintiffs to leave their workstations to take a 30 minute meal break, and "be absent from" their workstations and the working areas of the building at approximately the middle of each shift worked. All employees clock out at the commencement of their meal breaks. If employees take their meal breaks within the building working areas, no security screening is required. Employees who leave the building working areas must go through a security screening and then walk some undefined distance before eating their meals. Waiting in the security screening lines causes delay before an employee leaves the work area after they clock out. Plaintiffs wait in a queue to clock back in at the end of their meal period and contend they must do so less than one minute past the 30 minute meal period ends or they are subject

to discipline. Plaintiffs also go through security screening at the end of each shift before leaving the building. Plaintiffs seek the payment of wages under the Minimum Wage Amendment arising from uncompensated time waiting in security screening lines, traveling to take meal breaks after security screenings, and waiting in queues to clock back in at the end of their meal period. Defendant submits this time is excludable under the PPA, which is applicable to the guarantees under the MWA as a result of Nevada's adoption of Senate Bill 8.[3]

c. The Nature of the Controversy in Which the Question Arose.

This is a controversy involving payment of wages under the Minimum Wage Amendment. Nev. Const. Art. 15, Sec. 16.

d. Designation of the Parties who will be Appellants and the Party who will be Respondent.

The appellants are: Jasmine Solares, Estefania Correa Restrepo, and Steven Reid.

The respondent: is Amazon.com Services LLC.

e. The Names and Addresses of Counsel for the Appellants and Respondent.

**Counsel for appellants are**:

Leon Greenberg
Ruthann Devereax-Gonzalez
Leon Greenberg Professional Corporation
1811 S. Rainbow Blvd., Suite 210
Las Vegas, NV 89146
leongreenberg@overtimelaw.com
ranni@overtimelaw.com

James Kemp
Kemp & Kemp. Attorneys at Law
7435 W. Azure Drive, Ste 110
Las Vegas, NV 89130
jp@kemp-attorneys.com

**Counsel for respondent are**:

Bradley J. Hamburger
Megan Cooney
Joseph Rose
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071

[3] While there may ultimately be questions of fact regarding how long employees wait in line and whether a class may be certified under Rule 23, the fundamental question is whether the PPA applies to the guarantees under the MWA.

213-229-7658
bhamburger@gibsondunn.com
mcooney@gibsondunn.com
jrose@gibsondunn.com

Montgomery Paek
Amy Thompson
Littler Mendelson
8474 Rozita Lee Avenue, Ste 200
Las Vegas, NV 89113
mpaek@littler.com
athompson@littler.com

f. A Brief Statement Explaining How the Certified Question of Law May Be Determinative of the Cause then Pending in the Certifying Court.

If the PPA is applicable to the determination of what time is compensable under Nevada's Minimum Wage Amendment, then Amazon will not be liable for unpaid wages under some or all of Plaintiffs' claims.

g. A Brief Statement Setting Forth Relevant Decisions, if any, of the Supreme Court and the Reasons Why Such Decisions are not Controlling.

The most relevant decisions are *Dancer 1 v. La Fuente, Inc.*, 481 P.3d 860 (Nev. 2021), *Myers v. Reno Cab Co.*, 492 P.3d 545 (Nev. 2021), and *Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951 (Nev. 2014). None of these decisions address whether the adoption of Senate Bill 8 is applicable to claims arising under Nevada's Minimum Wage Amendment.

h. Any Other Matters that the Certifying Court Deems Relevant to a Determination of the Question Certified.

None.

## VI. Order

**IT IS HEREBY ORDERED** that the following question of law is **Certified** to the Nevada Supreme Court under Rule 5 of the Nevada Rules of Appellate Procedure:

> Does the enactment of Senate Bill 8, expressly incorporating the Portal-to-Portal Act into Nevada's wage-hour statutory scheme, apply to the determination of what constitutes compensable time under the minimum wage guarantee found in Article 15, Section 16 of the Nevada Constitution?

Nev. R. App. P. 5(a).

**IT IS FURTHER ORDERED** that the Clerk of Court must forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that Defendant Amazon.com Services LLC's Renewed Motion to Dismiss (ECF No. 59) is DISMISSED without prejudice. Defendant is free to refile the motion and/or the parties are otherwise not precluded from proceeding in this matter with motion practice after a decision by the Nevada Supreme Court is rendered.

Dated this 13th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE